OPINION OF THE COURT
M. Holt Meyer, J.
At issue in this decision is the constitutionality of paragraph (v) of subdivision (h) of section 712 of the Family Court Act which expands the definition of "designated felony act” to include a predicate felony classification.
The respondent, 14 years of age, was arrested and charged with snatching from his victim’s handbag a wallet containing a Master Charge credit card and $5 in currency. The juvenile delinquency petition herein alleged that the foregoing acts, if done by an adult, would, inter alia, constitute the crime of grand larceny in the third degree (Penal Law, § 155.30) and a designated felony act, pursuant to paragraph (v) of subdivision (h) of section 712, since grand larceny in the third degree is a class E felony and respondent had two previous felony findings.
At the arraignment, respondent moved that the petition not be marked "a designated felony act petition” and that all references in the petition to the charge of grand larceny in the third degree as a designated felony be deleted. The respondent further requested that the District Attorney’s office not appear in support of the petition, and argued that the office of Corporation Counsel be directed to appear instead.
These motions were prompted by respondent’s challenge to the new procedures under the Juvenile Justice Reform Amendment of 1978 (L 1978, ch 478). Specifically, subdivision (h) of section 712 of the Family Court Act was amended to add paragraph (v) which defines a designated felony act as one "other than a misdemeanor, committed by a person at least seven but less than sixteen years of age, but only where there has been two prior findings by the court that such person has committed a prior act which, if committed by an adult would be a felony.” Since, as already noted, it was alleged herein that respondent had two previous findings that would have constituted felonies if committed by an adult, the amendment *317 to section 712 of the Family Court Act applied, making the instant petition alleging a class E felony, a designated felony act petition.
Accordingly, subdivision 2 of section 731 of the Family Court Act required: "If the petition alleges that the person committed a designated felony act, it shall so state, and the term 'designated felony act petition’ shall be prominently marked thereon.” Furthermore, under another new section of the Family Court Act (Family Ct Act, § 254-a) the District Attorney was authorized to appear in support of the petition.
Respondent contended that stamping the petition as a designated felony act petition and permitting the District Attorney to appear in support thereof would be prejudicial to his defense at fact finding in that the Judge would be on notice as to prior findings. Subdivision 1 of section 750 of the Family Court Act was cited for the purpose of arguing that if probation reports are not to be seen by the fact-finding Judge until a finding has been made, then evidence of prior findings, which are always included in the probation file, should also be excluded from the fact finder’s purview.[1] Subdivision 1 of section 750 of the Family Court Act is not intended, however, to exclude evidence of past findings, per se, but to prevent the fact finder from considering incompetent evidence of a juvenile respondent’s history and background, which is admissible at dispositional hearings, but not at fact finding (Family Ct Act, §§ 744, 745, 750, subd 2; Matter of Nathen N., 56 AD2d 554). It is this wide range of hearsay material contained in the probation file that is the subject of the exclusionary rule of subdivision 1 of section 750 of the Family Court Act.
It might still be asked whether the stamping of the petition as a designated felony act petition and the appearance of the District Attorney in cases of predicate felony findings, pursuant to paragraph (v) of subdivision (h) of section 712 of the Family Court Act, can be said to put evidence of prior felony findings before the court in advance of an adjudication of delinquency, which is evidence otherwise inadmissible, except for purposes of impeaching the respondent’s testimony if he should choose to testify. Undoubtedly, it does, but this is not reason enough to hold the statute constitutionally defective, since paragraph (v) of subdivision (h) of section 712 of the *318 Family Court Act merely establishes an exception to a general rule of evidence as applied to Family Court proceedings, which is authorized by section 165 of the Family Court Act.[2]
There remains, therefore, the naked contention that notice to the fact finder of prior felony findings is so prejudicial as to make the new procedures under sections 712 (subd [h], par [v]), 731 (subd 2), and 254-a of the Family Court Act unconstitutional. Spencer v Texas (385 US 554) is controlling on this question and requires the court to hold as constitutional the new Family Court procedures pursuant to the statutes cited immediately above. In Spencer, it was held that the Texas procedure for enforcing its habitual criminal statutes through allegations in the indictment of prior offenses and the introduction of proof at trial concerning the same, accompanied by a charge to the jury that such matters are not to be considered in determining defendant’s guilt or innocence with regard to the current indictment, was not rendered unconstitutional under the due process clause because of the possibility of some collateral prejudice to the defendant. This holding is certainly applicable to the Family Court proceedings presently under discussion since there is no jury involved. As the fact finder, the Family Court Judge is capable of the discerning and discriminating process charged to the jury in Spencer (supra).
Furthermore, it should be noted that many counties of this State have only a single Family Court Judge who acts as both the arraignment and Trial Judge and who, at the time of arraignment, must be apprised of respondent’s prior record in order to make a proper decision with respect to the question of remand or parole. Therefore, even before the Juvenile Justice Reform Amendment of 1978, certain Family Court Judges have had the responsibility at fact finding of exercising that discretion necessary to give proper weight to hearsay evidence which has already come before them.
Finally, it is well established in New York that an enactment of the Legislature is presumed constitutional and will be held otherwise only when it is proven to be unconstitutional beyond a reasonable doubt (Defiance Milk Prods. Co. v *319 Du Mond, 309 NY 537; Nettleton Co. v Diamond, 27 NY2d 182, app dsmd sub nom. Reptile Prods. Assn. v Diamond, 401 US 969).
There is an additional restraint on trial courts in entertaining such challenges. A recent opinion of Judge Gartenstein (People v Darry P, 96 Misc 2d 12, 16) restates this principle, quoting People v Estrada (80 Misc 2d 608, 610), which holds that: " '[C]ourts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases where life and liberty is involved and the invalidity of the act is apparent on its face’ [citations omitted]. Courts of original jurisdiction should not set aside a statute as unconstitutional unless that conclusion is inescapable. [Citations omitted]. The tendency is to leave such questions to appellate tribunals”.
Wherefore, this court finds that respondent has not sustained his burden of proof beyond a reasonable doubt and that the procedures of stamping the juvenile delinquency petition as a designated felony act petition and the appearance of the District Attorney in support of such petition, in predicate felony cases, pursuant to sections 712 (subd [h]), 731 (subd 2) and 254-a of the Family Court Act constitutional.
Accordingly, respondent’s motions are denied.

. The notation of designated felony on the petition and the appearance of the District Attorney would constitute such evidence.

. "Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed by this act, the procedure shall be in accord with rules adopted by the administrative board of the judicial conference or, if none has been adopted, with the provisions of the civil practice act to the extent they are suitable to the proceeding involved.” (Family Ct Act, § 165.)