OPINION OF THE COURT
Con. G. Cholakis, J.
Plaintiff’s action for a declaratory judgment and related relief is before the court upon cross motions for judgment which place in issue the constitutionality of subdivision 2 of section 301 of the State Administrative Procedure Act. It is the plaintiff’s position that the statute impermissibly denies judicial review with respect to the sufficiency of the notice given of an adjudicatory proceeding. In pertinent part, the statute reads (State Administrative Procedure Act, § 301, subd 2): “Upon application of any party, a more definite and detailed statement shall be furnished whenever the agency finds that the statement is not sufficiently definite or not sufficiently detailed. The finding of the agency as to the sufficiency of definiteness or detail of the statement or its failure or refusal to furnish a more * * * detailed statement shall not be subject to judicial review. Any statement furnished shall be deemed, in all respects, to be a part of the notice of hearing.”
For the plaintiff to succeed he must demonstrate the unconstitutionality of the statute beyond reasonable doubt *899 (Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 541). The court can strike down a statute only as “a last unavoidable result” (Matter of Van Berkel v Power, 16 NY2d 37, 40), particularly when the issue is addressed to a court of original jurisdiction (Matter of Hynes v Moskowitz, 92 Misc 2d 495, affd 44 NY2d 383; Matter of Robert D., 97 Misc 2d 315, 319).
It is this court’s opinion that the statute is not inescapably unconstitutional. Procedural due process does not — and cannot — provide for judical review of each separate determination which may be involved in an ultimate finding concerning one’s right to property, or even to one’s liberty. The validity of this observation is immediately apparent when one reflects upon the denial of appeal from nonfinal determinations made in connection with a criminal prosecution.
The obvious purpose of the subject statute is to insulate preliminary, or intermediate rulings from judicial review for purposes of expediency and to preserve the finality doctrine long associated with appeals from administrative determinations. It is not necessary that this court agree with the statutory purpose or that it find that the Legislature has taken the best possible approach to the problem. The court’s inquiry must end “if any state of facts, known or to be assumed, justify the law” (Defiance Milk Prods. Co. v Du Mond, supra, p 541).
Finally, it must be added that the statute cannot be perceived as limiting due process. The very arguments which have prompted this action (that the notice provided to the plaintiff was inadequate) may be made at the administrative hearing where they will be considered and ruled upon. If the ruling be adverse to the petitioner, he may seek judicial review by way of an article 78 proceeding commenced following the final administrative determination (see Matter of Rainka v Whalen, 73 AD2d 731; Matter of Eden Park Health Servs. v Whalen, 73 AD2d 993). Having reached this conclusion, the court finds that the preliminary inquiry with respect to the constitutionality of the statute is unwarranted.
*900 The cross motion of the defendants for judgment granted.