OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, without costs.
Petitioner, a Sanitation Department superintendent with supervisory responsibility over a Staten Island landfill, was charged with facilitating the illegal dumping of liquid waste during the period from fall 1977 to spring 1979. After a departmental hearing, the charges were sustained and dismissal was recommended. Respondent Commissioner approved the recommendation on February 10, 1982 and petitioner was dismissed that day. Petitioner had previously applied to respondent New York City Employees’ Retirement System for a service retirement, which was to be effective February 11, 1982, but that application was denied because of petitioner’s dismissal. Petitioner’s application for a military veterans’ retirement under subdivision 2 of section B3-36.0 of the New York City Administrative Code was also denied. Petitioner thereafter commenced this article 78 proceeding, which was transferred to the Appellate Division. Citing Matter of Rapp v New York City Employees' Retirement System (42 NY2d 1), that court modified the administrative determinations by directing that petitioner’s application for a pension be granted and otherwise confirmed the determinations. Both parties appeal.
Respondents now ask this court to overrule Rapp, asserting that we misconstrued the statutory scheme which, in their view, prohibits this dismissed employee from obtaining any pension. In support of this argument, respondents advance the same contentions which were previously considered and rejected by this court (42 NY2d 1, 3-6, supra, mot for rearg den 42 NY2d 1012). There is no warrant to pass on these arguments again.
We also reject petitioner’s request to annul the determination of misconduct. The hearing officer’s conclusions were supported by substantial evidence, including testimony by a Sanitation Department employee whose aid petitioner had enlisted, as well as other evidence which corroborated this testimony. Finally, in view of the clandestine and protracted nature of petitioner’s *676 activity, respondents cannot be faulted for failing to specify the dates of the transgressions with greater precision. The notice enabled petitioner to prepare an adequate defense (see Matter of Fitzgerald v Libous, 44 NY2d 660; Civil Service Law, § 75, subd 2).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur; Judge Jasen on constraint of Matter of Rapp v New York City Employees’ Retirement System (42 NY2d 1).
Judgment affirmed, without costs, in a memorandum.