■ In the Matter of JAY BLOCK, Petitioner, v GORDON M. AMBACH et al., as Commissioner of Education of the State of New York, et al., Respondents.—Yesawich, Jr., J.

Petitioner, employed as a nurse at Marcy Psychiatric Center (hereinafter MPC) in Oneida County, was charged by the Office of Professional Discipline of the Education Department with professional misconduct stemming from a sexual relationship had with a patient at that facility. The patient, then 16 years old and experiencing suicidal tendencies, claims petitioner first approached her and had sexual intercourse with her while she was an inpatient. Petitioner admits to a sexual liaison during a period when the girl was considered an outpatient, but denies any sexual contact during the time she was hospitalized.

At an administrative hearing held to consider the charges, petitioner contended that the statement of charges was insufficiently specific with respect to the dates of the alleged misconduct (of the relevant specifications, one charged five or more acts of sexual intercourse "[o]n or about and between November 1981 and February 1982", and the other that sexual contact occurred "[o]n or about and between August 1982 and December 1982"), and that the Department had no jurisdic-

tion to adjudicate matters pertaining to the period when the girl was an outpatient. A Hearing Panel found petitioner had engaged in intercourse with the girl, both while she was an inmate at MPC and following her discharge; that he had threatened to "fix it" so that she would be permanently institutionalized were she to report him; and that he failed to provide nursing care and treatment with respect for her dignity and personal integrity, in violation of Mental Hygiene Law § 33.03. Respondent Commissioner of Education adopted these findings and revoked petitioner's licenses to practice nursing as a registered professional nurse and as a licensed practical nurse, with leave to apply for restoration without predetermination of any such application.

In this CPLR article 78 proceeding, petitioner argues, in addition to the issues already raised, that the Commissioner's determination lacks sufficient evidentiary support and that State Administrative Procedure Act § 301 (2) is unconstitutional. We are unpersuaded.

Despite their inexactness as to the dates of the claimed misconduct, the specifications contained in the statement of charges provided sufficient notice of the unprofessional conduct attributed to petitioner. Although the standards for notice in criminal cases do not apply to administrative proceedings (*Matter of Gattner v Whalen,* 71 AD2d 712, 714, *lv denied* 48 NY2d 608), the case of *People v Morris* (61 NY2d 290), alluded to by petitioner, is instructive. *Morris* teaches that lack of a precise date does not per se undermine notice of the charges preferred; rather, all relevant circumstances must be examined to determine their sufficiency (*supra,* at 295). In light of the patient's psychiatric illness and institutionalization, with its likely effect on her ability to recall particular dates (*see, People v Jones,* 133 AD2d 972) and that she was but 16 years of age when the first contact occurred, and given further petitioner's admission to the postdischarge allegations, we are of the view petitioner was adequately apprised of the charges, enabling him to prepare and present a defense (*see, Matter of Widlitz v Board of Regents,* 77 AD2d 690, 691, *lv denied* 51 NY2d 706).

In a collateral argument, petitioner asserts that State Administrative Procedure Act § 301 (2), which requires a short, plain statement of the charges, unconstitutionally denies judicial review in that the statute declares "[t]he finding of the agency as to the sufficiency of definiteness or detail of the statement * * * shall not be subject to judicial review". We perceive no constitutional violation, for the sufficiency of the

notice may be evaluated, in the event of an adverse determination, through a proceeding pursuant to CPLR article 78 *(see, Mass v Blum,* 112 Misc 2d 898).

Nor are we persuaded that petitioner's guilt was not proven by a preponderance of the evidence, the standard used by the Department in making its determination *(see,* Education Law § 6510 [3] [c]). Bearing in mind that appellate review of determinations made by administrative agencies is not a de novo undertaking but one limited to inquiring whether substantial evidence exists to support the decision made and that capriciousness is absent *(see, Matter of Marsh v Henley,* 50 AD2d 687), it cannot be said the Commissioner's determination is insupportable. While petitioner has catalogued inconsistencies in testimony and other sources of doubt, such as the patient's psychiatric history, this merely serves to emphasize that veracity is the overriding issue, an issue best resolved by the panel hearing the testimony, and the administrative agency with expertise in the field *(see, Matter of Libra v University of State of N. Y.,* 124 AD2d 939, 940, *appeal dismissed* 69 NY2d 933, *lv denied* 70 NY2d 603).

Finally, petitioner harbors the delusion that since the patient was not legally obligated to return to MPC after her release in August 1982 and, in fact, kept few, if any, of her scheduled appointments during the period in question, she was not an outpatient and hence the Department lacked jurisdiction to bring charges against him relating to the sexual affair had with her following her release. There is, however, sufficient evidence in the record that the girl was indeed an outpatient at the time. Moreover, because of the obvious vulnerability of this young patient and the fact that petitioner, a licensed professional, developed a relationship of trust and confidence with her while counseling and treating her in the hospital, and then continued to take advantage of that dependency, we do not share petitioner's misgivings about the Department's power to investigate, and refusal to tolerate, such behavior by a licensee it is authorized to supervise *(see, Matter of Rudner v Board of Regents,* 105 AD2d 555, 556).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Harvey and Mercure, JJ., concur.