OPINION OF THE COURT
Alexander, J.
 The primary issue presented by these appeals is whether the charges of misconduct underlying these administrative disciplinary proceedings against petitioners satisfied the notice requirement of due process, notwithstanding that the specific dates of misconduct were not alleged. We conclude that in the circumstances of these administrative proceedings, the requirements of due process were satisfied because sufficient notice of the charges was given to each petitioner to enable each to adequately prepare and present a defense. Accordingly, we affirm the judgments of the Appellate Division in both cases.
I

Matter of Block v Ambach

A 16-year-old female who had attempted suicide was admitted to Marcy Psychiatric Center (MPC) in 1981 and remained a patient at the facility until her discharge in June 1982. During that time, petitioner Block was employed at MPC as a licensed practical nurse and a registered professional nurse. In October 1984, based on complaints made by the former patient, petitioner was charged by the Office of Professional Discipline of the Education Department with professional misconduct in violation of Education Law § 6509 (9) and 8 NYCRR 29.1 (b) (5) for having had a sexual relationship with the complainant while she was hospitalized and after her *329 discharge. Specifically, petitioner was charged with engaging in sexual intercourse with complainant on five or more occasions during a four-month period while she was an inpatient at the facility and engaging in sexual intercourse with her during a five-month period after she had been discharged.[1] The charges also alleged that petitioner committed professional misconduct by verbally harassing complainant to induce her to cooperate by threatening, in November 1981, to "fix it” so that she would never leave the facility (Education Law §6509 [9]; 8 NYCRR 29.2 [2]). Finally, petitioner was charged with gross negligence in failing to provide the requisite nursing care to complainant (Education Law § 6509 [9]; 8 NYCRR 29.1 [b] [1]).
Petitioner’s contention, inter alia, that these charges were insufficiently specific because of the excessively vague time periods alleged was rejected by the Hearing Panel of the Department of Education and he was found guilty of each of the charges. Respondent Commissioner of Education adopted these findings and revoked petitioner’s licenses to practice nursing.
Petitioner instituted this article 78 proceeding in the Appellate Division (see, Education Law § 6510 [5]), seeking annulment of respondent’s determination and a determination that State Administrative Procedure Act § 301 (2) (d) is unconstitutional because it deprives the courts of jurisdiction to determine whether administrative charges satisfy due process. The Appellate Division confirmed respondent’s determination and dismissed the petition (140 AD2d 814).

Matter of Ackerman v Ambach

Petitioner Ackerman was licensed to practice medicine in New York in 1948. In the late 1950’s, he cofounded the Association for Counseling and Therapy (ACT) and served as its psychiatrist and director. Between 1969 and 1975, under the pretense of providing psychiatric treatment at ACT, petitioner allegedly engaged in numerous sexual acts with patients and encouraged lewd and lascivious conduct during both individual and group therapy sessions. As a result of complaints filed by several of the individuals who had been involved in these activities, the State Board for Professional *330 Medical Conduct charged petitioner with professional misconduct and instituted disciplinary proceedings. He was charged with the fraudulent practice of medicine (Education Law § 6509 [2]) in inducing two of his patients (A and B) to engage in sexual intercourse with him, to engage in lewd conduct and to use inappropriate drugs during time periods covering 26 months, 78 months, 46 months and 53 months.[2] Petitioner was also charged with gross negligence or incompetence in his practice of the profession (Education Law § 6509 [2]), in that at various times during a 78-month time period he displayed guns to A, verbally harassed and abused her and induced her to participate in group sexual activity and to use illicit drugs. The charges further alleged gross negligence in that petitioner engaged in essentially the same conduct with B over a 39-month time period. Additionally, petitioner was charged with practicing negligently on more than one occasion (Education Law § 6509 [2]) as well as with moral unfitness to practice (Education Law §6509 [9]), the latter based on his patent moral unfitness and his abuse of A and B.
Thirty-five witnesses, including A, B and a third complainant, D, testified before a Hearing Panel of the State Board for Professional Medical Conduct. At this hearing, which continued over a period of some six years, petitioner denied that A, B and D were his patients or that he had engaged in sexual activity with any of them. Instead, he claimed that the group sessions he led were merely gatherings of people engaged in the discussion of a variety of topics and did not involve any form of psychotherapy treatment. The Panel found, inter alia, that A and B were petitioner’s patients; that petitioner had conducted private sessions with A "on or about the year 1973”, and "on numerous occasions” instigated and participated in sexual activities involving that patient; that he had sexual relations with her on a particular day when petitioner’s wife was engaged in a radio broadcast; and that A had sexual intercourse and oral sex with petitioner "on approximately 25 occasions”. With only minor exceptions, the Panel sustained the charges against petitioner and recommended permanent revocation of his license and a $25,000 fine. After reviewing the Panel’s report, the Commissioner of Health recommended to the Board of Regents that the Panel’s find *331 ings of fact, conclusions of law and recommendation of license revocation be accepted in full.
The Regents Review Committee rejected the Panel’s determination to sustain the specification charging moral unfitness (Education Law § 6509 [9]) and modified other conclusions, not relevant here, but nevertheless recommended that petitioner’s license be revoked. Respondent accepted the Committee’s recommendations and ordered revocation of petitioner’s license.
Petitioner instituted this article 78 proceeding in the Appellate Division (see, Education Law § 6510-a [4]), seeking to annul respondent’s determination. As it had in Block, the Appellate Division confirmed respondent’s determination and dismissed the petition (142 AD2d 842).
On these appeals, both petitioners argue that the administrative determinations must be annulled as unsupported by substantial evidence and because the statement of charges in each case failed to adequately specify the dates of their alleged misconduct and therefore violated due process.[3] They argue that the standard of specificity constitutionally required of criminal indictments should be applied in these administrative proceedings.
Block complains that he was deprived of an opportunity to present meaningful defenses of alibi and impossibility because the charges spanned a time period of some 13 months and were vague as to the number of incidents, their locations, and the precise dates of the occurrences. He argues that under the authority of our decision in People v Morris (61 NY2d 290), the charges should have been dismissed because the notice requirement of due process was not satisfied.
Ackerman similarly argues that the charges against him cannot be sustained because he was deprived of due process in that the charges spanned a period of more than six years without indicating any specific dates of the alleged misconduct, and, moreover, no witness was able to testify as to any specific dates on which any of the alleged acts took place. He contends that he was thus deprived of the ability to assert an alibi defense or to produce contrary evidence.
*332 For the reasons that follow we reject these contentions.
II
It is axiomatic that due process precludes the deprivation of a person’s substantial rights in an administrative proceeding because of uncharged misconduct (Matter of Gelfand, 70 NY2d 211, 216; Matter of Murray v Murphy, 24 NY2d 150, 157) and it necessarily follows, therefore, that a respondent in such a proceeding is entitled to fair notice of the charges against him or her so that he or she may prepare and present an adequate defense and thereby have an opportunity to be heard (Matter of Fitzgerald v Libous, 44 NY2d 660, 661; Matter of Shapiro v Board of Regents, 16 NY2d 783, 784; Matter of Hecht v Monaghan, 307 NY 461, 470). Indeed, Education Law § 6510 (1) (c) provides that charges of professional misconduct brought by the Education Department "shall state concisely the material facts” underlying the charges. Similarly, the State Administrative Procedure Act requires that a statement of administrative charges contain "a short and plain statement of the matters asserted” (State Administrative Procedure Act § 301 [2] [d]).
It does not follow, however, that the due process requirements for the specificity of an indictment in a criminal proceeding are to be imported and fully applied in administrative proceedings. Unlike the provisions of the Education Law and the State Administrative Procedure Act, the Criminal Procedure Law requires that "[a]n indictment must contain * * * [a] statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time” (CPL 200.50 [6]). Moreover, CPL 200.30 (1) requires that "[e]ach count of an indictment * * * charge one offense only”.
While it is true, as we have said, that in order to satisfy the requirements of due process an indictment "must provide the accused with fair notice of the nature of the charges against him, and of the manner, time and place of the conduct underlying the accusations, so as to enable him to answer to the charges and to prepare an adequate defense” (People v Keindl, 68 NY2d 410, 416; People v Morris, 61 NY2d 290, 293, supra; People v Iannone, 45 NY2d 589, 594; People v Bogdanoff, 254 NY 16) and somewhat similar provisions regarding charges of professional misconduct are contained in the Education Law, the consequences of a criminal proceeding are *333 palpably more grave and justify a requirement of greater specificity. Moreover, criminal indictments must also be sufficiently specific to allow the accused, if convicted, to assert the defense of double jeopardy in subsequent prosecutions for the same conduct (People v Keindl, 68 NY2d, at 416, supra). Because administrative proceedings entail neither the dire consequences of criminal prosecutions nor the considerations of double jeopardy, there is generally no need to import the strict requirements of the criminal law and criminal trials into administrative proceedings (Matter of CBS, Inc. v State Human Rights Appeal Bd., 54 NY2d 921, 923; Matter of Berenhaus v Ward, 70 NY2d 436, 444; Matter of Hecht v Monaghan, 307 NY 461, 470, supra). We hold, therefore, that in the administrative forum, the charges need only be reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights are being determined of the charges against him (Matter of Hecht v Monaghan, 307 NY, at 470, supra) and to allow for the preparation of an adequate defense (Matter of Fitzgerald v Libous, 44 NY2d, at 661, supra; Matter of Cassiliano v Steisel, 64 NY2d 674, 676).
In the circumstances of these administrative proceedings therefore, we reject petitioners’ contentions that the general time periods alleged in the administrative charges against them violate due process under People v Keindl (68 NY2d, at 419-420, supra) and People v Morris (61 NY2d, at 295, supra). The allegations of general time periods rejected in Keindl were deemed facially excessive as the basis of charges of sexual abuse and sodomy, crimes which, as defined in the Penal Law punish the performance of a single act, and which, in the context of a criminal prosecution, implicate consequences and constitutional considerations not present here (People v Keindl, 68 NY2d, at 420, supra; see also, Penal Law §§ 130.50, 130.65).
Morris (61 NY2d 290, supra) and Keindl (68 NY2d 410, supra), also establish that when an alleged time period is not facially unreasonable, the required degree of specificity is to be determined by reference to factors such as whether the People knew or should have known of a more precise date, the age and intelligence of the victims and witnesses, and the nature of the offense, including whether it is likely to occur at a specific time or be discovered immediately (People v Morris, 61 NY2d, at 295-296, supra; People v Keindl, 68 NY2d, at 419, supra). It is also clear from our holding in Keindl that a general allegation of an extended time period may be appro *334 priate for an offense which "by its nature may be committed either by one act or by multiple acts and readily permits characterization as a continuing offense over a period of time” (People v Keindl, 68 NY2d, at 421, supra). Thus in Keindl we retained counts of endangering the welfare of a child (Penal Law § 260.10 [1]) based on a pattern of behavior during a two-year period (People v Keindl, 68 NY2d, at 421-422).
As was the case with respect to the charge of endangering the welfare of a child in Keindl, much of the misconduct charged in both Block and Ackerman was capable of being committed through either a single act or multiple acts and therefore may properly be characterized as continuing offenses. Petitioner Block was charged with "conduct * * * evidencing] moral unfitness to practice the [nursing] profession” (8 NYCRR 29.1 [b] [5]; Education Law § 6509 [9]) and gross negligence (8 NYCRR 29.1 [b] [1]) arising out of his sexual relationship with a patient over specified periods of four and five months. Similarly, petitioner Ackerman was charged with continuing misconduct in that he fraudulently practiced medicine, was grossly negligent or incompetent and practiced negligently on more than one occasion, all in violation of Education Law § 6509 (2).
Furthermore, the other relevant circumstances in each case indicate that the general time periods alleged afforded both petitioners reasonable notice of the charges against them and enabled them to prepare and present adequate defenses. In Block, there is no evidence in the record to support petitioner’s contention that the agency acted in bad faith in failing to specify more precise dates; the age and psychiatric illness of the patient make it unlikely that she could recall more precise dates of petitioner’s contact with her. This fact, and petitioner’s admitted subsequent relationship with this patient support the conclusion that the relatively short time periods alleged sufficiently apprised petitioner of the charges against him.
In Ackerman, although the alleged time periods are much longer than in Block, they also sufficiently apprised petitioner of the charges of continuing misconduct. Petitioner admitted conducting the group sessions during which much of the misconduct was alleged to have occurred and never sought to interpose an alibi defense for any particular incident. Instead, he denied the allegations of improper conduct and also contended that he could not be subject to discipline because the complainants were not his patients. Petitioner *335 advanced these defenses at a comprehensive hearing which lasted over six years and entailed the testimony of 35 witnesses. In these circumstances, we cannot say that he was denied due process.
Ill
We also reject petitioner Block’s contention that the Commissioner was without authority to discipline him for his relationship with a former patient after her discharge from MFC. Under these circumstances, where the Commissioner already found that petitioner engaged in an improper sexual relationship with a 16 year old, with suicidal tendencies, while she was a patient, a reasonable inference could be drawn that petitioner’s influence extended after her discharge. Thus, this charge constituted a proper basis for the Commissioner’s determination of professional misconduct (see, Education Law § 6509 [9]; 8 NYCRR 29.1 [b] [5]) and he rationally concluded that petitioner exploited a relationship of trust and confidence petitioner developed with his patient, while she was a patient.
 We further conclude that the administrative determinations in both Block and Ackerman are supported by substantial evidence. In Block, the complainant’s testimony amply supports respondent’s determination. Although petitioner Block argues to us that the complainant’s testimony against him was unreliable, her credibility was a matter for the Hearing Panel to resolve and judicial review of the agency’s determination is limited to the question of whether there is substantial evidence in the record to support that determination (Matter of Berenhaus v Ward, 70 NY2d 436, 443, supra; Matter of Pell v Board of Educ., 34 NY2d 222, 230). Similarly, in Ackerman, the testimony of A, B and D, as well as independent evidence that petitioner was paid for his professional services provide substantial evidence to support respondent’s determination that they were petitioner’s patients and that he engaged in the alleged misconduct.
Petitioners’ remaining contentions are without merit.
Accordingly, the judgment of the Appellate Division in Matter of Block v Ambach should be affirmed, with costs, and the judgment of the Appellate Division in Matter of Ackerman v Ambach should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
In each case: Judgment affirmed, with costs.

. An additional charge that petitioner also engaged in sexual intercourse with the complainant while she was an outpatient during a seven-month period in 1982 was withdrawn at the hearing.

. For convenient reference and consistent with the way in which they are identified in the record, the three principal complainants will be referred to as A, B and D.

. Contrary to respondent’s argument, petitioner Ackerman has adequately preserved his challenge to the sufficiency of the notice afforded in the statement of charges against him. The record indicates that petitioner challenged the specificity of the allegations both in his answer to the statement of the charges and in a motion to dismiss the charges made at the hearing.