■ In the Matter of GENLUC REALTY CORP., Petitioner, v SUFFOLK COUNTY DEPARTMENT OF HEALTH et al., Respondents. [619 NYS2d 748] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Department of Health, dated April 15, 1992, which adopted a decision and order of a Hearing Officer, made after a hearing, (1) finding that the petitioner had violated the Suffolk County Sanitary Code by failing to remove or modify certain fuel storage tanks, and (2) assessing a civil penalty of $20,000 against the petitioner.

Adjudged that the petition is granted, on the law, without

costs or disbursements, to the extent that the penalty assessed against the petitioner is vacated, the determination is otherwise confirmed, the proceeding is otherwise dismissed, and the matter is remitted to the respondent Suffolk County Department of Health for the imposition of a new penalty.

Following an administrative hearing, the respondent Suffolk County Department of Health adopted the findings of its Hearing Officer and determined that the petitioner violated Suffolk County Sanitary Code §§ 760-1210 and 760-1211, in that it failed to remove or replace certain fuel storage tanks on its property by January 1, 1990, the deadline established by the Code. Contrary to the petitioner's contentions, we find that, in light of all the relevant circumstances, the notice of formal hearing served upon it by the respondent was reasonably specific to apprise it of the alleged violations and to allow it to prepare an adequate defense (see, Matter of Block v Ambach, 73 NY2d 323; Matter of Murray v Murphy, 24 NY2d 150; Matter of Shapiro v Board of Regents, 16 NY2d 783).

However, we find that the penalty assessed against the petitioner is excessive, as compared to the penalty imposed upon other violators for similar violations. We, therefore, remit the matter to the respondent Suffolk County Department of Health for the imposition of a new penalty.

We have considered the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Miller, Ritter and Goldstein, JJ., concur.