■ ROBERT ARROYO, Petitioner, v CITY OF NEW YORK et al., Respondents. [666 NYS2d 168] —Determination of respondent Correction Commissioner dated August 18, 1995, which terminated petitioner's employment as a correction officer,

unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Emily Goodman, J.], entered June 6, 1996) dismissed, without costs.

Petitioner's argument that his due process rights were violated because the allegations of sexual harassment of subordinates lacked specificity regarding dates is without merit. The charges were sufficiently specific, in light of all the relevant circumstances, to apprise petitioner of the charges against him and to allow for the preparation of an adequate defense (*see*, *Matter of Block v Ambach*, 73 NY2d 323, 333). The Commissioner did not act in bad faith in failing to provide more precise dates where numerous and extensive investigations occurred before charges were finally filed and where one complaining witness delayed filing a formal complaint.

We also find that there is substantial evidence in the record to support the Commissioner's determination (*see*, *Matter of Hansley v Koehler*, 169 AD2d 545). The testimony of two of the complainants established that petitioner sexually harassed them by exposing himself to them, and the testimony of another complainant proved that petitioner had sexually assaulted her.

In view of the nature of the charges, the penalty imposed was not so disproportionate to the offenses so as to be shocking to our sense of fairness (*see*, *Matter of Pell v Board of Educ.*, 34 NY2d 222). Indeed, as the Hearing Officer stated, either set of charges was sufficient, by itself, to support petitioner's dismissal (*see*, *Matter of Hansley v Koehler*, *supra*). Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.