Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered March 22, 2012, which denied the petition to vacate an arbitration award finding petitioner guilty of certain charges, imposing a fine of $8,000 and directing that petitioner receive up to 48 hours of pedagogical training, confirmed the arbitration award and dismissed the proceeding, unanimously affirmed, without costs.
The record supports the findings of misconduct committed by petitioner, including making a remark comparing the elementary school where she worked “to the shootings and killings of individuals in the Iraq war.” Moreover, while uttering the remark, she stood up and feigned pulling the trigger of a gun, which was worrisome to her colleagues. There exists no basis to disturb the credibility determinations of the arbitrator (see Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d 563, 568 [1st Dept 2008]).
The arbitrator’s reference to petitioner’s miming of shooting a gun flowed naturally from the credited witnesses’ testimony, and did not go beyond what the arbitrator was authorized to hear. Furthermore, the charges preferred against petitioner specifically notified her of the misconduct that she was accused of and were sufficiently specific to permit petitioner to prepare her defense (see Matter of Block v Ambach, 73 NY2d 323, 333 [1989]).
The penalty imposed does not shock our sense of fairness, and in fact was well-tailored to the misconduct of which petitioner was found guilty of (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]).
Concur—Mazzarelli, J.E, DeGrasse, Abdus-Salaam, Manzanet-Daniels and Clark, JJ.