Frank A. Gulotta, J.
This article 78 proceeding to compel respondent to give final approval of petitioner’s plat for subdivision of a parcel of land, presents the interesting question of whether a City Planning Board can, after a four and one-half year interval, during which petitioner has vigorously processed a subdivision map through numerous agencies including the respondent itself, the Town Board of Oyster Bay, the Board of Assessors, the County Treasurer, the County Planning Board and the Supreme Court, withdraw its approval and start the petitioner on this endless road all over again.
The asserted ground for doing so is a 90-day time limit contained in section 32 of the General City Law, and in respondent’s Subdivision Regulations (§ 5A), to the effect that the approval shall expire unless the plat be filed with the County Clerk within such period.
However, the petitioner’s property of some 5.3 acres on the border of Glen Cove, partly in and partly outside the city, comes under the concurrent jurisdiction of the County Planning Board which has a like 90-day time limit (Nassau County Government Law, § 1610, subd. 6; L. 1936, ch. 879, as amd.), so by the simple device of keeping these approvals 90 days apart, respondent can, according to it, forever deprive petitioner of the use of its property without ever testing in the courts the merits of its position.
Petitioner argues that respondent is not even technically correct in that while conditional approval was given in October, 1957, and confirmed in November, 1959, such approval was never indorsed on the plat itself so as to qualify it for filing with the County Clerk and that therefore the 90 days did not start to run.
*51 However, I prefer to rest the decision on a broader ground, to wit, that the law does not require the doing of the impossible. There is no conceivable way for a developer to compel official action in such a period. In this very case after Justice Johnson ordered the County Planning Commission on May 25, 1960, to approve the plat and dealt very specifically with the merits of the controversy as to whether the petitioner could be required to provide an access road directly to the streets of Glen Cove instead of first going via a town road, the respondent in that case succeeded in delaying an appeal for 20 months before abandoning it.
The possibilities of acquiring another access road have been thoroughly explored and short of condemnation (a remedy open to respondent but not to petitioner) there appears to be no other way. It is no proper solution to keep petitioner’s property immobilized indefinitely.
Since there has been a demonstrated disinclination in official quarters to meet the issue herein on the merits, the same result may not be attained by indirection or by simple inaction.
Application granted.