*1024 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified to grant summary judgment to plaintiffs declaring the amendments to the cooperative standard form proprietary lease annulled and enjoining implementation of them, with costs to plaintiffs, and, as so modified, affirmed. The certified question is answered in the negative.
Plaintiffs are 14 members of defendant Breezy Point Cooperative, Inc. (Cooperative), a nonprofit cooperative corporation established in 1960, who purchased their interests at various times between 1960 and 1976. At the time they did so maintenance charges assessed against each member and contributed to the Cooperative’s common fund to defray taxes and expenses were based upon a formula applied to the number of shares owned by each member in relation to the total number of shares of the Cooperative outstanding. Thereafter, at meetings conducted in 1977, 1978 and 1981, the Cooperative amended its standard form proprietary lease to provide that in the future maintenance charges would be assessed on the basis of a sum computed by a formula applied to the tax assessment levied against the individual member’s property and the Cooperative lands and the operating expenses and charges of the Cooperative. The effect of these lease amendments was to increase plaintiffs’ monthly charges. Consequently, they brought this action against the Cooperative and its officers and directors.
Plaintiffs have advanced several grounds for relief but the matter may be resolved by determining whether the controlling provisions for amendment of the standard form proprietary lease are those contained in the lease or those contained in the Cooperative’s by-laws. Plaintiffs contend that amendments may be adopted only by complying with the requirements found in the by-laws of the Cooperative and that these were not. In opposition, defendants contend that the standard form proprietary lease was executed by all members, that they are bound by its terms and that these amendments are valid because the procedures for amendment found in the lease were followed.
*1025 The lease provided that it could be amended by joint action of the directors and members, on recommendation of at least two thirds of the members of the board of directors and approval by the affirmative vote of a majority of members present at a special membership meeting called for the purpose. Each of the three disputed amendments were adopted by procedures that complied with this lease provision.
The by-laws of the Cooperative, on the other hand, stated that the standard form proprietary lease could be amended only by affirmative vote of three quarters of the present and voting members at an annual membership meeting, provided that not less than 50% of the entire membership attended the meeting. None of the amendments were adopted at an annual membership meeting and none received the three-quarters vote required by this by-law provision.
It is the contention of plaintiffs that the two provisions are irreconcilable and that inasmuch as the Cooperative prepared the documents and is responsible for the conflict it must comply with the more stringent procedure for amendment of the lease, that contained in the by-laws. Defendants contend that there is no conflict because the provisions were intended to serve two entirely different purposes. The by-law provision is designed, they say, to permit member initiative and since such amendments are proposed without the assurance of merit which may be supplied by prior management consideration and recommendation a greater degree of member support is required. The other method, contained in the lease, results in proposals by management personnel after they have studied and approved the amendment and under those circumstances it is appropriate that a lesser percentage of members should vote in favor of the amendment before it is adopted. Thus, defendants maintain that the two provisions differ for quite valid reasons and are not irreconcilable but may be harmonized. The short answer to that contention is that if it was intended that these procedures exist as alternatives, both alternatives would be contained in all the relevant documents, prospectus, by-laws and leases; a different procedure would not be found in each.
*1026 Under the circumstances, to effect the desired change in the lease, there must be compliance with both the procedure contained in the by-laws and those contained in the lease. The amendments, not having been adopted as required, are annulled and defendants are enjoined from implementing them in the future.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order modified, with costs to plaintiffs, in accordance with the memorandum herein and, as so modified, affirmed. Question certified answered in the negative.