OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the judgment of the Supreme Court reinstated.
Respondent Rivercross Tenants’ Corp. (Rivercross) operates a residential apartment cooperative facility located on Roosevelt Island in New York City. Rivercross was incorporated in the mid-1970’s by the Urban Development Corporation (UDC) pursuant to article II of the Private Housing Finance Law, and. was, therefore, subject to the supervisory power of the UDC, as well as the mandates of the . Private Housing Finance Law and the regulations promulgated under that law. Cooperatives such as Rivercross are commonly known as Mitchell-Lama housing. The regulations governing Mitchell-Lama coop *851 eratives provide that owners may resell their apartments only to prospective purchasers who are on a waiting list maintained by the housing company (9 NYCRR 1727-1.1, 1727-1.3).
Despite this regulation, the prospectus disseminated by the UDC provided that Rivercross shareholders could sell their apartments to anyone they so desired and that, unlike other cooperatives organized under the Private Housing Finance Law, Rivercross "does not have the right of first refusal to purchase an Apartment from a Tenant-Shareholder who proposes to sell his Apartment”. Statements to this effect appeared throughout the prospectus. Although the prospectus did state that the resale price was subject to strict statutory limitations, it also expressly provided that tenant-shareholders could negotiate with prospective purchasers for the sale of any improvements made to the apartments. Finally, the prospectus stated that to the extent there was any ambiguity in the terms of the offering plan or any conflict with the laws and regulations governing Rivercross, such conflicts were to be resolved in favor of the applicable laws and regulations.
In 1981, the petitioner, the New York State Division of Housing and Community Renewal (DHCR) became UDC’s successor in interest when it assumed all of the UDC’s rights and obligations for the various Roosevelt Island agreements to which the UDC was a party, including regulatory power over Rivercross. Subsequently, in 1984, the Commissioner of DHCR ordered Rivercross to establish a waiting list and implement an affirmative fair housing plan as required by 9 NYCRR part 1727. Rivercross refused to comply and the DHCR instituted this action seeking a judgment pursuant to Private Housing Finance Law § 32 (7) directing the respondents to establish a waiting list, enjoining Rivercross shareholders from selling their shares to any prospective purchaser not on the waiting list and directing that Rivercross implement a fair housing marketing plan. Rivercross interposed affirmative defenses based upon estoppel and unconstitutional impairment of contracts and sought to have the Commissioner’s order annulled. DHCR moved for summary judgment and the Supreme Court held that Rivercross was required to comply in all respects with the Commissioner’s order. The Appellate Division reversed, holding that DHCR was estopped from enforcing the regulations governing housing companies against Rivercross because of the representations in the prospectus. We now reverse.
In exercising its regulatory powers over Rivercross, DHCR *852 was acting in a governmental — not proprietary — capacity (see, NY Const art XVIII; Matter of Vinson v Greenburgh Hous. Auth., 27 NY2d 675, affg 29 AD2d 338, 340-342). Generally, estoppel may not be invoked against a municipal agency to prevent it from discharging its statutory duties (Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33; Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436, 449; Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88, 93) and the factual setting presented on this appeal does not warrant an exception to this doctrine.
The agreement between the shareholders and the housing company is a product of all the relevant documents, including the prospectus (Brennan v Breezy Point Coop., 63 NY2d 1022). Here, while the prospectus stated that owners could resell apartments on the open market, it also provided that to the extent there was any conflict between the terms of the offering plan and the statutes and regulations governing Mitchell-Lama housing, such conflicts were to be reconciled in favor of the Private Housing Finance Law and the regulations promulgated pursuant to that law. The proprietary leases and the purchase agreements also contained this express proviso. Thus, Rivercross shareholders were on notice that they might be subject to the waiting list and other regulatory requirements applicable to Mitchell-Lama housing companies. In addition, shareholders were aware from the language contained in the contract documents that the regulations governing Rivercross were always subject to future changes and restrictions that could destroy the right to sell their apartments on the open market.
As further basis for the inapplicability of estoppel here, we are mindful of the various policy considerations urged by appellant. First, appellant points out that the goal of providing affordable housing for persons of all income groups on a nondiscriminatory basis (see, 9 NYCRR 1727-1.1) may be frustrated by privately arranged sales, which give no assurance that a proper demographic tenant balance will be maintained. Second, appellant notes that costs in the form of improvements to the purchase price of a cooperative apartment may result in pricing low-end purchasers out of the market. Third, appellant contends that the sale of units on the open market may lead to the exaction of illegal payments from prospective buyers, pointing out that Rivercross was created to serve the public purpose of providing adequate, safe and sanitary hous *853 ing with the aid of private enterprise (Private Housing Finance Law §§ 11, 13 [13]).
Finally, we note that DHCR does not seek to prevent shareholders from selling their improvements. Even though the bargaining position of the shareholder may not be as strong as it was before enforcement of the regulations, the right to sell improvements still exists.
Thus, we conclude that there is no basis for the extraordinary application of the estoppel doctrine here (see, Matter of Daleview Nursing Home v Axelrod, supra; Matter of Hamptons Hosp. & Med. Center v Moore, supra).
Rivercross’ constitutional contract clause challenge is also unpersuasive. The express terms of the contract between the shareholders and the cooperative corporation provided that the right to resell an apartment was subordinated to the applicable statutory and regulatory scheme. Inasmuch as the regulatory scheme provided that apartments must be resold to persons on a waiting list, there has been no impairment of the shareholders’ contractual rights.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander taking no part.
Order reversed, etc.