■ In the Matter of MONTIPARK REALTY CORPORATION, Appellant, v VILLAGE OF MONTICELLO et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered April 5, 1990 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to accept dedication of petitioner's private roads.

Petitioner is the owner of certain real property located in the Village of Monticello, Sullivan County. In June 1987, petitioner presented to the Planning Board of respondent Village of Monticello a concept plan for the construction of 14 townhouses on its property. Thereafter, a public hearing was held regarding the proposed development, at which concern was raised about petitioner's plan to have 14 separate driveways entering a public street. In response to the perceived problem, petitioner altered its original plan to include a crescent-shaped section of road which would access the driveways and intersect the public street at only two points. The Planning Board then granted petitioner preliminary subdivision approval subject to various conditions, including that "sections of street added in stages to be maintained by [petitioner] until deeded to the Village".

In September 1987, petitioner received a letter from the Village Manager which stated, *inter alia,* that "upon meeting Village specifications in regards *[sic]* to streets, sewer and water, the Village will accept dedication of these activities". Petitioner subsequently offered to dedicate the completed street, which complied with all specifications, but respondent Village Board of Trustees (hereinafter the Board) voted unanimously to reject that offer.

Petitioner then commenced the instant CPLR article 78 proceeding seeking a judgment compelling respondents to accept dedication of the street, essentially claiming that they were estopped from refusing to do so. Upon respondents' motion, Supreme Court dismissed the petition and this appeal followed.

We affirm.* A village board of trustees is vested with sole authority to either accept or refuse a street dedication and, in the event that a resolution is adopted accepting an offer of dedication, the board is required to hold a public hearing in accordance with Village Law article 21 *(see,* Village Law §§ 6-610, 6-614; 1987 Atty Gen [Inf Opns] 60). Thus, in this case the Village Manager was clearly without authority to accept dedication on behalf of the Village. Petitioner contends, however, that the Village Manager's letter served as a basis for estopping the Board from refusing to accept the street for dedication. We disagree.

Generally, in the absence of an unusual factual situation, "estoppel may not be invoked against a governmental agency to prevent it from discharging its statutory duties" *(Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 369; *see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *appeal dismissed, cert denied* 488 US 801; *Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 33). Here, we agree with Supreme Court that the facts in this case do not present unusual or exceptional circumstances warranting the application of estoppel and, despite petitioner's assertion to the contrary, we cannot conclude that a manifest injustice has resulted to it *(cf., Landmark Colony v Board of Supervisors,* 113 AD2d 741; *Brennan v New York City Hous. Auth.,* 72 AD2d 410). Finally, we note that a reasonably diligent inquiry by petitioner would have revealed that only the Board may accept dedication of a street and that it must comply with statutory hearing requirements in order to do so *(see, Matter of Parkview Assocs. v City of New York, supra).* Accordingly, the petition was properly dismissed.

Weiss, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Initially, we point out that, although neither party addressed the issue on this appeal, Supreme Court correctly held that the mandamus relief sought in this proceeding is inappropriate since the acceptance of a dedication of a street by a village board of trustees is a discretionary rather than ministerial act under Village Law § 6-610 *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:4, at 31).