(July 23, 1992)

■ 2550 OLINVILLE AVENUE, INC., et al., Respondents-Appellants, v PAUL A. CROTTY et al., Appellants-Respondents.—Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about March 6, 1991, which, *inter alia,* granted plaintiffs Kingsbridge and Leland summary judgment on their fourth cause of action, and denied the motion of plaintiff Olinville for like relief, unanimously affirmed, without costs.

Plaintiffs are private housing companies which participated in the Mitchell-Lama program subsequent to May 1, 1959. In connection therewith, they obtained low-interest mortgages from the municipal authorities and then attempted to prepay these first mortgages and dissolve as a limited-profit housing company pursuant to Private Housing Finance Law § 35 (2). The City agency in charge of supervising the Mitchell-Lama program, through its Deputy Commissioner, originally agreed to terms concerning the prepayment of these mortgages and the subsequent dissolution of the housing companies. However, it was later determined by defendant HPD that the mortgage prepayment would not be permitted in order to give the agency an opportunity to develop rules and regulations concerning same. The plaintiffs herein commenced action to compel HPD to accept prepayment of the mortgages and for breach of contract seeking damages as a result of the wrongful refusal to accept prepayment.

The municipal defendants eventually did accept the prepayment and thus all that remain are the causes of action seeking damages for breach of contract. We hold that the IAS court properly granted summary judgment to plaintiffs Leland and Kingsbridge because their mortgage notes contained nothing directly inconsistent with the provision of Private Housing Finance Law § 35 (2) allowing dissolution as a limited profit housing company after 20 years without consent of the municipal defendants or supervising agency, upon the payment in

full of the remaining balance of principal and current interest on the mortgages *(see, Matter of Columbus Park Corp. v Department of Hous. Preservation & Dev.,* 170 AD2d 145). However, since plaintiff Olinville's prepayment clause contained a specific condition precedent to the exercise of this right, namely, payment of a HUD first mortgage, the municipal defendants had a right to require this action prior to dissolution under Private Housing Finance Law § 35 (2). Nor is estoppel available against a governmental entity *(see, Scruggs-Leftwich v Rivercross Tenants' Corp.,* 70 NY2d 849, 852). Concur—Murphy, P. J., Sullivan, Rosenberger, Wallach and Rubin, JJ. *[See,* 149 Misc 2d 806.]