■ In the Matter of HAROLD SHERMAN, Petitioner, v BOARD OF EDUCATION, YONKERS CITY SCHOOL DISTRICT, et al., Respondents. [630 NYS2d 800] —Proceeding pursuant to CPLR article 78 to review a determination dated April 19, 1993, which, after a hearing, found the petitioner guilty of several charges of misconduct and dismissed him from his position as a tenured teacher.

Adjudged that the determination is confirmed and the proceeding is dismissed, on the merits, with costs.

The petitioner was dismissed from his position as a tenured school teacher after he was found guilty of several charges of misconduct. The petitioner argues, *inter alia*, that the determi-

nation is not supported by substantial evidence *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Pell v Board of Educ.,* 34 NY2d 222). We disagree.

The evidence adduced at the hearing, which consisted of approximately 100 exhibits and the testimony of approximately 35 witnesses, including the victims of and eyewitnesses to the petitioner's misconduct, provide substantial evidence of every charge of which the petitioner was found guilty. Accordingly, the determination is supported by substantial evidence.

Concerning the charges relating to the victim identified only as K.N., the petitioner argues that the hearing panel erroneously relied on admissions that he allegedly made when pleading guilty to criminal charges arising from the same acts of misconduct. Although it is unclear from the record exactly what admissions the petitioner made at his plea allocution, we need not determine whether the hearing panel erroneously relied upon them. The charges concerning K.N. are supported by the testimony of K.N. at the hearing, his deposition in support of the accusatory instrument that was filed in the criminal action, and the testimony and statements of several eyewitnesses to the events in question. Thus, the record contains substantial evidence to support the charges concerning K.N. even without relying upon the petitioner's admissions.

The penalty of dismissal is not so disproportionate to the offenses committed as to be shocking to one's sense of fairness *(see, Matter of Linfield v Nyquist,* 48 NY2d 1005; *Matter of Pell v Board of Educ., supra).*

We have considered the petitioner's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.