■ In the Matter of ALLIED SANITATION, INC., Respondent, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, Appellant. [640 NYS2d 541] —Order and judgment (one paper), Supreme Court, Queens County (James F. O'Donoghue, J.), entered November 28, 1994, granting the petition of Allied Sanitation, Inc. and annulling a determination of respondent Commissioner of Motor Vehicles, issued after a hearing, which found petitioner guilty of excessive vehicle weight in violation of Vehicle and Traffic Law § 385 (9), unanimously reversed, on the law, without costs, the determination reinstated and confirmed and the petition dismissed.

In December 1992, an officer of the New York City Department of Transportation, Truck Enforcement Unit, charged petitioner Allied Sanitation with operation of a truck of excessive weight in Queens County in violation of Vehicle and Traffic Law § 385. Following a hearing before an Administrative Law Judge of the New York State Department of Motor Vehicles, subsequently confirmed by the Department's Appeals Board, petitioner was found guilty of this charge and was fined $7,000. Petitioner next commenced this proceeding, arguing, *inter alia*, that the terms of Vehicle and Traffic Law § 385 precluded enforcement of that statute in the City of New York. Concurring with this view, Supreme Court annulled the determination.

We reverse. Vehicle and Traffic Law § 385 plainly prohibits operation of vehicles within a "city not wholly included within one county" in violation of the weight limitations set forth by the city's department of transportation,* and permits remedy of such violations by fines such as the levy issued in this matter (*see,* Vehicle and Traffic Law § 385 [9], [19] [d]). Petitioner's further contentions—that the Department failed to establish the accuracy of the scales used to weigh its vehicle, and that petitioner lacked actual knowledge of the excessive weight—are unpersuasive. Substantial evidence supports the respondent's conclusion that the scales were accurate; petitioner is responsible for the knowledge and deeds of its officers and agents acting within the scope of their employment duties. Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ.

---

* Vehicle and Traffic Law § 385 provides, in pertinent part, as follows: "No person shall operate or move, or cause or knowingly permit to be operated or moved on any highway or bridge thereon, in any county not wholly included within a city, any vehicle or combination of vehicles of a size or weight exceeding the limitations provided for in this section. *Except as otherwise specifically provided in subdivision fifteen of this section, no person shall operate or move, or cause or knowingly permit to be operated or moved on any highway or bridge thereon, in any city not wholly included within one county, any vehicle or combination of vehicles of a size or weight exceeding the limitations provided for in the rules and regulations of the city department of transportation of such city adopted pursuant to section sixteen hundred forty-two of this chapter.*" (Emphasis added.)