■ In the Matter of CORONA READY MIX, INC., et al., Respondents, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES TRAFFIC VIOLATIONS BUREAU APPEALS BOARD et al., Appellants. [641 NYS2d 128] —In a proceeding pursuant to CPLR article 78 to review a determination of the Appeals Board of the New York State Department of Motor Vehicles, dated June 7, 1994, which, after a hearing, sustained the determination of an Administrative Law Judge finding, *inter alia,* the petitioner Corona Ready Mix, Inc., guilty of violating Vehicle and Traffic Law § 385 (9), the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Queens County (Dye, J.), dated February 16, 1995, as granted that

branch of the petition which was to annul the determination made against Corona Ready Mix, Inc.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the petition which was to annul the determination made against Corona Ready Mix, Inc., is denied, the determination made against Corona Ready Mix, Inc., is confirmed, and the proceeding is dismissed on the merits.

The petitioner Corona Ready Mix, Inc. (hereinafter Corona), the owner of a cement mixer operated in Queens, was issued a summons for a violation of Vehicle and Traffic Law § 385 (9), which establishes weight limits for certain vehicles. The charge was sustained by the appellants following an administrative hearing. The Supreme Court annulled the determination made against Corona on the ground that issuance of a summons under Vehicle and Traffic Law § 385 was improper because the incident occurred in New York City.

Vehicle and Traffic Law § 385 prohibits, *inter alia,* the operation in a city "not wholly included within one county" of a vehicle which exceeds the weight limitations established by that city's department of transportation regulations, and sets forth the penalties for the violation of a city's department of transportation weight regulations. We conclude, therefore, that the summons issued pursuant to Vehicle and Traffic Law § 385 was a proper means of charging Corona with a violation of the vehicle weight regulations applicable in New York City (*see, Matter of Allied Sanitation v Adduci,* 226 AD2d 195; Rules of City of New York, Department of Transportation, tit 34, § 4-15 [b] [9]). Such regulations supersede any inconsistent provisions of the Vehicle and Traffic Law with respect to the weight of vehicles (*see,* Vehicle and Traffic Law §§ 385, 1642), and it is evident from the hearing record that New York City's vehicle weight regulation was applied in this case.

Corona's contention which relates to the adequacy of the notice provided by the summons was not preserved for appellate review because it failed to raise this issue at the hearing. In any event, the summons, which cited Vehicle and Traffic Law § 385 (9), provided Corona with reasonably specific notice of its alleged wrongdoing (*see generally, Matter of Block v Ambach,* 73 NY2d 323). Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.