In the Matter of JOHN CERIO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [645 NYS2d 822]

The petitioner's argument that his due process rights were violated when, at the hearing, the Administrative Law Judge amended specification three of the charges, is without merit (*see, Matter of Ackerman v Ambach,* 73 NY2d 323, 333). Pleadings may be amended to conform to the proof at any time, "provided that no prejudice is shown (*see,* CPLR 3025 [a])" (*Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 69). The petitioner has failed to demonstrate any such prejudice (*see also, Matter of Block v Ambach,* 73 NY2d 323).

Furthermore, the determination was supported by substantial evidence, including the petitioner's own admission, at the hearing, that he did not report the discharge of his weapon during the approximately eight hours following the incident while he was in the precinct. The petitioner only came forward

with information about the incident when confronted by the desk sergeant, as the petitioner was on his way out the door (*see, Matter of Moorehead v New York City Tr. Auth.,* 190 AD2d 674).

In view of the nature of the charge, the seriousness with which the Transit Authority Police Department treats the occurrence of the discharge of an officer's weapon, and the petitioner's poor disciplinary record, termination is not "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Great weight should be accorded the respondent's determination (*see, Matter of Ahsaf v Nyquist,* 37 NY2d 182, 184).

The petitioner's remaining contention is without merit. Sullivan, J. P., Santucci, Joy and Hart, JJ., concur.