■ In the Matter of STEPHEN J. WOHLLEB, Appellant, v BOARD OF EDUCATION OF THE BRIDGEHAMPTON UNION FREE SCHOOL DISTRICT, Respondent. [647 NYS2d 801] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Bridgehampton Union Free School District, dated May 28, 1995, which, after a hearing, dismissed the petitioner from his position as a tenured teacher.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Following an administrative hearing before a hearing board, the petitioner was found guilty of four out of five of the charges arising from his administration and proctoring of a 1993 Regents exam: (I) altering the answer sheet of a student; (II) filling in (but not altering) completed answers in ink; (III) fail-

ing to follow the Regent's instructions by directing the students to sign a declaration statement before, rather than after, the examination period was completed, to the effect that they had no unlawful knowledge of the questions and that they had neither received nor been given assistance during the examination; and (V) altering the answer sheets of other students. The hearing board found that charge IV, which alleged that the petitioner had requested another teacher to bring to his home one student's examination answer sheet, was not supported by the evidence. The respondent Board of Education of the Bridgehampton Union Free School District (hereinafter the Board of Education) adopted the findings and thereafter dismissed the petitioner. The petitioner argues that the charges were inappropriately amended, that they were not supported by substantial evidence, and that, in any event, the penalty was disproportionate to the offense. We disagree.

Contrary to the petitioner's contention, the amendment of charge I and the addition of charge V were not prejudicial. The amended and additional charge did not significantly differ from the original charges, all of which arose out of the petitioner's administration and proctoring of the same 1993 Regents exam. Under these circumstances, the petitioner was well apprised of the charges against him, permitting him adequate presentation of his defense (see, Matter of Block v Ambach, 73 NY2d 323, 333). Further, the Board of Education's evidence at the hearing consisted of the testimony of six witnesses, five of whom were faculty members; the examination papers; the petitioner's admissions that he had inked in "X"s on two examination papers; and his admitted failure to enforce certain examination instructions. This testimony and other evidence provided substantial evidence of the petitioner's guilt of charges I, II, III, and V (see, Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Sherman v Board of Educ., 218 AD2d 809).

In light of the findings in this matter, we cannot say that the dismissal of the petitioner was so disproportionate to the offense as to shock one's sense of fairness (see, Matter of Linfield v Nyquist, 48 NY2d 1005; Matter of Pell v Board of Educ., supra). Thompson, J. P., Altman, Hart and Florio, JJ., concur.