■ In the Matter of JAMES GATTO, Petitioner, v LEE P. BROWN, as Police Commissioner of the City of New York, et al., Respondents. [650 NYS2d 162] —Determination of respondent Police Commissioner dated December 4, 1990, which suspended petitioner for 10 days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Harold Tompkins, J.], entered June 13, 1991) dismissed, without costs.

Respondents' determination that petitioner wrongfully kicked a civilian is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176), in particular, a videotape of the incident in question, showing petitioner raising his foot and bringing it forward and back while standing inches from the civilian's torso, a motion perceived by the Administrative Law Judge (ALJ) to be "completely consistent with a kick, and completely inconsistent with a step". Although the tape does not show petitioner's foot hitting the civilian, the ALJ properly inferred from the tape image that the kick made contact with the civilian's body (*cf., Bradish v Tank Tech Corp.,* 216 AD2d 505). Amendment of the charge specifications to delete the unnecessary allegation that the kick had caused injury did not prejudice petitioner and was properly allowed (*see, Matter of Cerio v New York City Tr. Auth.,* 228 AD2d 676).

Petitioner's 17 day pre-trial suspension without pay is not reimbursable since he was not acquitted at the departmental trial (*see, Matter of Rivera v Ward,* 155 AD2d 285).

We have reviewed petitioner's other arguments and find them to be without merit. Concur—Wallach, J. P., Kupferman, Ross and Williams, JJ.