■ HBP ASSOCIATES, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 92772.) HBP ASSOCIATES, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 92773.) PINECREST ASSOCIATES, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 92774.) [678 NYS2d 781] —In three claims for monetary damages, the claimants appeal from an order of the Court of Claims (Patti, J.), dated August 27, 1997, which granted those branches of the defendant's motions which were to dismiss the claims on the ground that they failed to state a cause of action.

Ordered that the order is affirmed, with costs.

The claimants HBP Associates and Pinecrest Associates, Inc., own properties located within the bounds of Orange County Sewer District No. 1 (hereinafter OCSD), in Orange County. As a result of pollution in the area, the New York State Department of Environmental Conservation (hereinafter the DEC), imposed a regulatory moratorium, which precluded the OCSD from granting further sewer line extensions or hookups to the OCSD sewage treatment plant until the plant complied with its State Pollution Discharge Elimination System permit. The claimants concede the constitutionality of the imposition of the DEC's moratorium. However, they claim that as a result of the improper continuation of the moratorium, they were unable to obtain sewer line extensions or hookups to the OCSD sewage treatment plant. They filed claims seeking temporary damages for the alleged de facto taking and condemnation of their property rights and the denial of substantive due process and equal protection rights under the Federal and State Constitutions. The court granted those branches of the State's motions which were to dismiss for failure to state a cause of action.

It is well settled that on a motion to dismiss a complaint for

failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all the facts alleged in the complaint to be true and according the plaintiff the benefit of every possible favorable inference (*see, Leon v Martinez,* 84 NY2d 83, 87; *Rotanelli v Madden,* 172 AD2d 815, 816). We agree with the Court of Claims that the claims failed to state a cause of action since the State's role was strictly supervisory and it had no affirmative duty to provide for or implement measures to lift the moratorium or to grant sewer hookups (*see, Matter of Charles v Diamond,* 41 NY2d 318, 333).

The claimants' remaining contention is without merit. O'Brien, J. P., Thompson, Sullivan and Friedmann, JJ., concur.