■ In the Matter of KEITH SISCO, Petitioner, v BOARD OF TRUSTEES OF THE VILLAGE OF HAVERSTRAW et al., Respondents.

[732 NYS2d 377] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the Village of Haverstraw dated November 22, 1999, which, after a hearing, found the petitioner guilty of charges of misconduct, and terminated his employment as a police officer of the Village of Haverstraw.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, there is no evidence that the respondent Board of Trustees of the Village of Haverstraw (hereinafter the Board) ceded its decision-making authority to the Village of Haverstraw Police Department (hereinafter the Police Department) or otherwise denied him a fair hearing, when it used portions of the Police Department's post-hearing brief in writing its determination (*cf., Schweiker v McClure*, 456 US 188; *In re Murchison*, 349 US 133; *Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619; *Matter of General Motors Corp.—Delco Prods. Div. v Rosa*, 82 NY2d 183). Furthermore, the Board's determination was supported by substantial evidence in the record, including the petitioner's admissions made at his plea allocution on the related criminal charges (*see, Matter of Lahey v Kelly*, 71 NY2d 135, 140; *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179).

The petitioner's remaining contentions are unpreserved for appellate review, since he failed to assert them at either the hearing (*see, Matter of Corona Ready Mix v State of N. Y. Dept. of Motor Vehicle Traffic Violations Bur. Appeals Bd.*, 226 AD2d 630; *Matter of Old Dock Assocs. v Sullivan*, 150 AD2d 695), or in his petition to the Supreme Court (*see, Matter of County of Nassau v Metropolitan Transp. Auth.*, 57 Misc 2d 1025, *affd* 32 AD2d 647; *Fischer v Liebman*, 137 AD2d 485). O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.