■ Denis P. Kelleher et al., Respondents, v Town of Southampton et al., Appellants. (And a Third-Party Action.) [760 NYS2d 235] —In an action to recover for damage to property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), entered March 5, 2002, as, upon reargument, modified an order of the same court, entered July 11, 2001, and denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon reargument, the motion is granted, the complaint is dismissed, and the order entered July 11, 2001, is modified accordingly.

The plaintiffs owned a house in the Town of Southampton on a stretch of beach plagued with a substantial amount of coastal erosion. In early 1998 when a large storm was imminent, the plaintiffs applied for an emergency permit to place stones on their property to prevent further erosion and protect their house. The Town's Coastal Erosion Hazard Area Administrator (hereinafter the Town Administrator) denied the application, because, among other things, he determined that the stone revetment proposed by the plaintiffs was not temporary as required by the regulation guidelines. The Town Administrator granted the plaintiffs' subsequent permit applications. However, by that time it was too late to safely and effectively implement alternate protective measures, and the plaintiffs' house was destroyed by the ocean.

The plaintiffs commenced this action against the Town, the Town Administrator, and another Town official to recover for property damage. The defendants moved to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]) on the ground that the Town enjoyed absolute governmental immunity for the discretionary actions of its officials. The Supreme Court denied the motion. We reverse, and dismiss the complaint.

When the action of a government official involves the conscious exercise of discretion of a judicial or quasi-judicial nature, it is entitled to absolute immunity. This entitlement is based on "sound reasons of public policy" in allowing government officials to execute their duties free from fear of vindictive or retaliatory damage suits (*Haddock v City of New York,* 75 NY2d 478, 484 [1990]; *see Tango v Tulevech,* 61 NY2d 34, 40 [1983]; *Rottkamp v Young,* 21 AD2d 373 [1964], *affd* 15 NY2d 831 [1965]).

In distinguishing between discretionary and ministerial acts, the Court of Appeals has articulated "a basic rule which serves as a guidepost in helping courts make the distinction. '[D]iscretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result' " (*Lauer v City of New York,* 95 NY2d 95, 107 [2000], quoting *Tango v Tulevech, supra* at 41). If an injured party is attempting to challenge an act or conduct that is purely discretionary in nature, the municipality is simply immune from liability and no consideration need be given to whether a special relationship may exist (*see Boland v State of New York,* 218 AD2d 235, 244 [1996]).

Here, the Town Administrator exercised reasoned judgment in determining the plaintiffs' emergency application. The act was discretionary in nature. Therefore, the Town was absolutely immune from liability, and the defendants' motion to dismiss should have been granted.

The plaintiffs' remaining contention is without merit. Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.