■ F.A.S.A. CONSTRUCTION CORPORATION, Appellant, v VILLAGE OF MONROE, Respondent, et al., Defendants. [789 NYS2d 175]—

In an action, inter alia, for a judgment declaring that the defendant Village of Monroe is estopped from denying the validity of a certain subdivision plat, certified by the Clerk of the Village of Monroe on March 16, 1990, and to recover damages for diminution of the value of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Peter J. Patsalos, J.), dated April 9, 2003, as granted the motion of the defendant Village of Monroe for summary judgment on the fifth, sixth, and seventh causes of action, and denied the plaintiff's cross motion for summary judgment on those causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the Village of Monroe is not estopped from denying the validity of the subject subdivision plat.

The determination of the Board of Trustees of the Village of

Monroe, which, in effect, determined that the default approval of the subject subdivision plat on March 16, 1990, had expired, was a quasi-judicial discretionary determination. Thus, the Village is absolutely immune from tort liability arising from that determination, even if it is later found to be erroneous (*see 154 E. Park Ave. Corp. v City of Long Beach,* 52 NY2d 991 [1981], *cert denied* 454 US 858 [1981]; *Yan Shou Kong v Town of Huntington,* 4 AD3d 419 [2004]; *see also City of New York v 17 Vista Assoc.,* 84 NY2d 299, 307 [1994]; *Rottkamp v Young,* 21 AD2d 373 [1964], *affd* 15 NY2d 831 [1965]; *cf. Koehler v Town of Smithtown,* 305 AD2d 550 [2003]; *HBP Assoc. v State of New York,* 254 AD2d 457 [1998]). Moreover, contrary to the contention of the plaintiff landowner, F.A.S.A. Construction Corporation (hereinafter FASA), the Village did not waive its immunity by entering into a special relationship with FASA's predecessor-in-interest. "If an injured party is attempting to challenge an act or conduct that is purely discretionary in nature, the municipality is simply immune from liability and no consideration need be given to whether a special relationship may exist" (*Kelleher v Town of Southampton,* 306 AD2d 247, 248 [2003]; *see Boland v State of New York,* 218 AD2d 235, 244 [1996]).

In addition, the Supreme Court correctly determined that the Village was not equitably estopped from denying the validity of the default approval. Generally, "estoppel is not available against a governmental agency in the exercise of its governmental functions" (*Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 33 [1984]; *see Matter of Parkview Assoc. v City of New York,* 71 NY2d 274, 282 [1988], *cert denied* 488 US 801 [1988]; *Scruggs-Leftwich v Rivercross Tenants' Corp.,* 70 NY2d 849, 852 [1987]; *Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 449 [1983]; *Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 93-94 [1981]). Although an exception to this general rule may be warranted in "unusual factual situations" to prevent injustice (*Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 369 [1988]; *see Matter of Daleview Nursing Home v Axelrod, supra* at 33; *Matter of Hamptons Hosp. & Med. Ctr. v Moore, supra* at 93 n 1; *Matter of Montipark Realty Corp. v Village of Monticello,* 174 AD2d 876, 877 [1991]; *Brennan v New York City Hous. Auth.,* 72 AD2d 410, 412-414 [1980]), FASA may not avail itself of the exception here because it failed to undertake a reasonably-diligent inquiry into the applicability of relevant statutes (*see Matter of Parkview Assoc. v City of New York, supra; Waste Recovery Enters. v Town of Unadilla,* 294 AD2d 766, 768-769 [2002], *lv denied* 1 NY3d 507 [2004], *cert denied* — US —, 124 S Ct 2839 [2004]; *Matter of Montipark Realty Corp. v Village of Monticello, supra*).

Moreover, equitable estoppel cannot be invoked to relieve a party "from the mandatory operation of a statute" (*Matter of Hauben v Goldin,* 74 AD2d 804, 805 [1980]; *see Waste Recovery Enters. v Town of Unadilla, supra* at 768-769; *Matter of Scheurer v New York City Employees' Retirement Sys.,* 223 AD2d 379 [1996]; *Grishman v City of New York,* 183 AD2d 464, 466 [1992]; *Wood v Cordello,* 91 AD2d 1178, 1179 [1983]; *cf. Matter of Sea Cliff Manor v Glen Cove Planning Bd.,* 39 Misc 2d 50 [1963], *affd* 22 AD2d 855 [1964]). Because FASA, in effect, sought relief from the mandatory consequences of Village Law § 7-728 (11), estoppel against the Village was unavailable.

The Village thus established its prima facie entitlement to judgment as a matter of law, and FASA failed to raise a triable issue of fact in opposition. Therefore, the Supreme Court properly granted summary judgment to the Village (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). H. Miller, J.P., Goldstein, Spolzino and Skelos, JJ., concur.