■ In the Matter of ELLA KISELGOF, Petitioner, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [803 NYS2d 166]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated October 22, 2002, which, after a hearing, granted the application of Trump Village Section 3, Inc., for a certificate authorizing eviction proceedings against the petitioner.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs payable to the respondent New York State Division of Housing and Community Renewal.

The petitioner challenges the determination of the respondent New York State Division of Housing and Community Renewal (hereinafter the DHCR) granting the application of the respondent Trump Village Section 3, Inc., for a certificate authorizing eviction proceedings against her (hereinafter the eviction application). Contrary to the petitioner's contention, there is substantial evidence in the record to support the DHCR's determination that she was subject to eviction from the public housing apartment she occupied (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Jones v Hudacs*, 221 AD2d 531 [1995]). The petitioner obtained occupancy in a manner not in conformity with the DHCR's regulations (*see* 9 NYCRR 1727-5.3 [b] [1]), which provide that public housing may be offered only to a prospective tenant whose name is properly selected from a waiting list and whose application is approved by the DHCR (*see* 9 NYCRR 1727-1.1 [e]; 1727-1.3 [b] [3]; [c], [h]).

In determining the eviction application, the hearing officer properly rejected the petitioner's defense sounding in equitable estoppel. Under the circumstances of this case, such a defense, though asserted against a private party, would have, in effect, operated to estop the DHCR from discharging its statutory duties. Generally, "estoppel is not available against a governmental agency in the exercise of its governmental functions" (*Matter of Daleview Nursing Home v Axelrod*, 62 NY2d 30, 33 [1984]; *see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *cert denied* 488 US 801 [1988]; *Scruggs-Leftwich v Rivercross Tenants' Corp.*, 70 NY2d 849, 851-852 [1987]). Moreover, "equitable estoppel cannot be invoked to relieve a party 'from the mandatory operation of a statute' " (*F.A.S.A. Constr. Corp. v Village of Monroe*, 14 AD3d 532, 534 [2005], quoting *Matter of Hauben v Goldin*, 74 AD2d 804, 805 [1980]).

The petitioner's argument that her due process rights were violated by the hearing officer's reliance upon regulations not cited in the eviction application is not preserved for this Court's review (*see Matter of Sisco v Board of Trustees of Vil. of Haverstraw*, 288 AD2d 230 [2001]; *Matter of Eckerson v New York State & Local Retirement Sys.*, 270 AD2d 705 [2000]). In any event, a review of the eviction application and the relevant regulations reveals that the allegations against the petitioner were reasonably specific, in light of all the relevant circumstances, and thus sufficient to apprise the petitioner of the charges against her and to allow for the preparation of an adequate defense (*see Matter of D'Ambrosio v Department of Health*

*of State of N.Y.*, 4 NY3d 133, 140-141 [2005]; *Matter of Block v Ambach*, 73 NY2d 323, 333 [1989]). To the extent that the hearing officer's reliance upon the additional, largely duplicative regulations constituted an amendment of the charges, the petitioner failed to demonstrate that she was prejudiced thereby (*see Matter of Wohlleb v Board of Educ. of Bridgehampton Union Free School Dist.*, 231 AD2d 643 [1996]; *Matter of Cerio v New York City Tr. Auth.*, 228 AD2d 676 [1996]).

The petitioner's remaining contention is without merit. Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.