■ In the Matter of LIOUBOU PRONINA et al., Petitioners, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [804 NYS2d 92]—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated August 30, 2002, which, after a hearing, granted the application of Trump Village Section 3, Inc., for a certificate authorizing eviction proceedings against the petitioners.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs payable to the respondent New York State Division of Housing and Community Renewal.

There is substantial evidence in the record to support the determination of the respondent New York State Division of Housing and Community Renewal that the petitioners were subject to eviction from the public housing apartment they occupied (*see* 9 NYCRR 1727-1.1 [e]; 1727-1.3 [b] [3]; [c], [h]; 1727-5.3 [b] [1]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Jones v Hudacs*, 221 AD2d 531 [1995]).

The hearing officer properly rejected the petitioners' defense sounding in equitable estoppel (*see Matter of Daleview Nursing Home v Axelrod*, 62 NY2d 30, 33 [1984]; *Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *cert denied* 488 US 801 [1988]; *Scruggs-Leftwich v Rivercross Tenants' Corp.*, 70 NY2d 849, 851-852 [1987]; *F.A.S.A. Constr. Corp. v Village of Monroe*, 14 AD3d 532, 534 [2005]).

The petitioners' argument that their due process rights were violated by the hearing officer's reliance upon regulations not

cited in the application seeking authorization for eviction proceedings against them is not preserved for this Court's review (*see Matter of Sisco v Board of Trustees of Vil. of Haverstraw*, 288 AD2d 230 [2001]; *Matter of Eckerson v New York State & Local Retirement Sys.*, 270 AD2d 705 [2000]), and, in any event, is without merit (*see Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d 133, 140-141 [2005]; *Matter of Block v Ambach*, 73 NY2d 323, 333 [1989]; *Matter of Wohlleb v Board of Educ. of Bridgehampton Union Free School Dist.*, 231 AD2d 643 [1996]; *Matter of Cerio v New York City Tr. Auth.*, 228 AD2d 676 [1996]).

The petitioners' remaining contention is without merit.

Accordingly, and for the reasons stated in *Matter of Kiselgof v New York State Div. of Hous. & Community Renewal* (22 AD3d 853 [2005] [decided herewith]), the determination must be confirmed. Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.