■ STATE OF NEW YORK, Respondent, v TOWN OF OPPENHEIM et al., Appellants.—Crew III, J. Appeals (1) from an order of the Supreme Court (White, J.), entered April 1, 1991 in Fulton County, which, *inter alia,* denied defendants' motions for summary judgment dismissing the complaint, and (2) from an order of said court, entered June 7, 1991 in Fulton County, which partially granted plaintiff's cross motion to dismiss certain affirmative defenses of defendant Graphic Arts Mutual Insurance Company.

We are called upon here to determine whether Town Law § 65 (3) is applicable in an action by plaintiff for common-law indemnity pursuant to Navigation Law article 12. The operative facts follow. Prior to 1987, defendant Town of Oppenheim owned a highway garage in Fulton County that contained an underground gasoline storage tank. The garage was insured by defendant Graphic Arts Mutual Insurance Company under a comprehensive general liability policy. At some point in time, the storage tank was abandoned by the Town. In May 1987, a representative of plaintiff received a report of a discharge near the garage which was contaminating soil and ground water. The discharge was contained and removed by the New York State Environmental Protection and Spill Compensation Fund at a cost of $21,378.59 with the final payment occurring on February 10, 1989. On August 22, 1990, plaintiff commenced this action against the Town and Graphic pursuant to article 12 of the Navigation Law. Plaintiff did not file a notice of claim against the Town before commencing its action. Both defendants interposed answers, asserted numerous affirmative defenses and asserted cross claims against one another. Defendants separately moved for summary judgment dismissing the complaint against them based upon plaintiff's failure to comply with Town Law § 65 (3). Plaintiff crossmoved to dismiss the affirmative defenses asserted against it by both defendants. Supreme Court held that Town Law § 65

(3) was not applicable to plaintiff's claims for indemnity and denied defendants' motions. The court partially granted plaintiff's cross motion to dismiss the Town's affirmative defenses, dismissing all but two of them. In a separate order, the court dismissed all but two of Graphic's affirmative defenses. These appeals ensued.

Town Law § 65 (3) provides that no action shall be maintained against a town "upon or arising out of a contract entered into by the town" unless commenced within 18 months after the cause of action occurs or unless a written claim is filed within six months after the cause of action accrues. The section presupposes that a contract exists between a town and the party involved and that such party has a claim for breach thereof. Here plaintiff has asserted common-law indemnity claims against both defendants based upon Navigation Law article 12 for funds expended in cleaning up and removing a discharge of petroleum *(see generally, State of New York v Stewart's Ice Cream Co.,* 64 NY2d 83). Plaintiff's claims are quasi-contractual in character and find their roots in principles of equity *(see, McDermott v City of New York,* 50 NY2d 211, 217). It is well settled that quasi-contracts are not contracts at all and that "a quasi-contractual obligation is one imposed by law where there has been no agreement or expression of assent, by word or act, on the part of either party involved. The law creates it, regardless of the intention of the parties, to assure a just and equitable result" *(Bradkin v Leverton,* 26 NY2d 192, 196). The instant action, therefore, is not founded upon a contract, express or implied, and Town Law § 65 (3) has no application *(see, Buchanan v Town of Salina,* 270 App Div 207, 215; *see also, Loughman v Town of Pelham,* 126 F2d 714; *Town of Saugerties v Employers Ins.,* 743 F Supp 112, 177).

With regard to Supreme Court's dismissal of defendants' other affirmative defenses, we find that those issues have been abandoned due to defendants' failure to raise them in their appellate briefs *(see, Lamphear v State of New York,* 91 AD2d 791).

Mikoll, J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the orders are affirmed, with costs.