*346 OPINION OF THE COURT
Edward O. Spain, J.
Petitioner Deborah Getman has instituted the instant CPLR article 78 proceeding seeking to annul that portion of a determination of respondents, the Commissioner and Department of Social Services, expunging an indication of child abuse by her estranged husband, Israel Getman, against their son, and directing respondents to restore the indication of child abuse in the State-wide central registry of child abuse and maltreatment (see, Social Services Law § 422). Inasmuch as petitioner challenges the determination as not supported by substantial evidence, she moves to transfer this proceeding to the Appellate Division, Third Department, pursuant to CPLR 7804 (g). Respondents have moved to dismiss the verified petition, arguing that petitioner has no standing to challenge respondents’ annulment of an expungement of an indication where she is not the "subject” of that indicated report.
Deborah and Israel were the subjects of a report of suspected child abuse or maltreatment against their son. Following an investigation, it was determined that "some credible evidence of alleged abuse or maltreatment exist[ed]” and the report was marked "indicated” (Social Services Law § 412 [12]). After a lengthy fair hearing held at the Getmans’ request pursuant to section 422 (8) of the Social Services Law, the Administrative Law Judge determined that the charges of alleged abuse or maltreatment were not supported by some credible evidence as to either parent, and directed that the records be expunged from the central registry and otherwise (Social Services Law § 422 [8] [c]). Petitioner thereafter instituted this CPLR article 78 proceeding seeking to restore the indication of child abuse as against her estranged husband, Israel Getman.
Under the statutory scheme governing this State-wide registry of incidents of child abuse and maltreatment, only the "subject” of the indicated report has the right to request that the respondents expunge or amend the record of the report or to request a fair hearing (see, Social Services Law § 422 [8] [a] [i]; [b] [i]). If it is determined that there is no credible evidence to support the indication, expungement is mandatory (see, Social Services Law § 422 [5], [8] [a] [iii]; [c] [i]). The "subject of the report” is defined in pertinent part as a "parent of * * * a child reported to the central register * * * who is allegedly responsible for causing injury, abuse or maltreatment to such *347 child or who allegedly allows such injury, abuse or maltreatment to be inflicted on such child” (Social Services Law § 412 [4]). The clear meaning and intent of these provisions of title 6 of the Social Services Law are to allow only the subject of the report to challenge an indicated report (see, Matter of Dairylea Coop. v Walkley, 38 NY2d 6 [1975] [discusses standing to challenge administrative determination]). Petitioner is not the "subject” of that portion of the indicated report which related to her husband, and has no standing to challenge the annulment of an indicated report against him (or to challenge the denial of a request by him for expungement of a report against him, for that matter).
While research has not revealed any reported case in which a person who is not the subject of the indicated report has sought either to obtain expungement of that report — or to annul a determination to expunge an indicated report against another person/subject — the statutory scheme clearly reposes in "the subject of the report” alone the right to challenge an indicated report, and (for obvious reasons) no provision is made authorizing the subjects to challenge a determination by respondent to annul an indicated report against them. Indeed, there is no provision in section 422 authorizing the local agency or other interested "nonsubject” parties (or "nonsubject” parents of the children at issue) to seek review of an expungement directed upon a determination that credible evidence is lacking (see, Social Services Law § 422 [8] [a] [iii]; [c] [i]; see also, Matter of Diane P., 110 AD2d 354, 355 [2d Dept 1985], appeal dismissed 67 NY2d 918). Thus, petitioner’s status as the mother of the child does not confer standing upon her to challenge respondents’ expungement of the indicated report against the child’s father.
For the foregoing reasons, the verified petition is dismissed.