■ TOWN OF PARISHVILLE et al., Respondents, v CONTORE COMPANY, INC., et al., Appellants. [626 NYS2d 582] —Mikoll, J. P. Appeal from an order of the Supreme Court (Rogers, J.), entered October 18, 1994 in St. Lawrence County, which, inter alia, partially granted plaintiffs' motion for summary judgment.

On February 16, 1994 defendant Torrington Industries, Inc. began construction of a bioremediation waste treatment cell facility (hereinafter the cell) on real property owned by defendant Contore Company, Inc. and located in the Town of Parishville, St. Lawrence County. Defendant Theodore Zoli, Jr. is president of both of the closely held defendant corpora-

tions. The function of the cell is to remediate petroleum-contaminated soil by exposure to a mixture of lye and fertilizer in a 100-foot by 140-foot pit area insulated with layers of clay and covered with plastic sheeting. It has a drainage system and is surrounded by a plywood-reinforced gravel berm from 6 to 18 inches high. Prior to beginning construction of the cell, defendants obtained approval of the Department of Environmental Conservation but did not make inquiry concerning pertinent regulations of plaintiff Town of Parishville or seek to notify the Town of its soil remediation project.

The Town Code Enforcement Officer, plaintiff Dale J. Wells, visited the cell construction site on February 23, 1994 and spoke with Zoli concerning the Town's zoning laws. Wells claims that he advised Zoli that he did not know if the work violated any Town regulation and would check and advise. Defendants claim that Wells advised Zoli that no permit was needed. However, by letter dated February 25, 1994, the Town Supervisor advised defendants that "Local Law No. 3 of 1993" required that a building permit be obtained from the Town prior to continuing with the work on the cell. The February 25, 1994 letter quoted language from a local law which was not in effect as of that date (see, Local Laws, 1994, No. 1 of Town of Parishville) (hereinafter 1994 Local Law No. 1) and omitted any reference to the applicable law (see, Local Laws, 1990, No. 1 of Town of Parishville) (hereinafter 1990 Local Law No. 1), while the Town's reference to "Local Law No. 3 of 1993" in this letter merely added confusion to the situation. The cell was completed in April 1994 without defendants having applied for a Town building permit.

Plaintiffs thereafter commenced a special proceeding pursuant to CPLR article 4 requesting, *inter alia,* a judgment compelling defendants to cease and desist operation of the cell and to remove the cell together with its contents. Defendants answered, alleging, *inter alia,* an affirmative defense of equitable estoppel. Supreme Court converted the special proceeding into a plenary action pursuant to CPLR 103 (c) and plaintiffs then moved for summary judgment. Supreme Court, *inter alia,* struck defendants' defense of equitable estoppel, partially granted plaintiffs' motion for summary judgment and ordered defendants to either cease operation of the cell and remove it from the property or obtain a building permit from the Town within 45 days.*

---

* Plaintiffs sought monetary relief but Supreme Court delayed decision on that question pending defendants' refusal to remove the cell or obtain the

Defendants contend that Supreme Court erred in striking their affirmative defense of equitable estoppel and in finding that the cell is a "structure" as defined in 1990 Local Law No. 1 requiring defendants to obtain a Town building permit. We find these contentions to be without merit. Supreme Court's order should be affirmed.

In the instant case there were no unusual factual circumstances such as would support estopping the Town from enforcing its local laws (see, e.g., Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33; Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88, 93, n 1; see also, Matter of Smith v New York State & Local Retirement Sys., 199 AD2d 763, 764). Defendants' assertion that they relied on the alleged oral assurances made on February 23, 1994 that no permit was required does not constitute support for an estoppel (see, Matter of Smith v New York State & Local Retirement Sys., supra, at 764; Matter of Champagne v Regan, 191 AD2d 895).

Defendants' argument that 1990 Local Law No. 1 does not require them to obtain a Town building permit on the ground that the cell is not a "structure" as that term is defined by that local law fails. Defendants acknowledge that the plastic and plywood materials utilized in constructing the cell are "objects * * * placed on land" under 1990 Local Law No. 1, but claim that the cell is not a structure within this local law because remediation of petroleum-contaminated soil does not "facilitate land use and development" (Local Laws, 1990, No. 1 of Town of Parishville § 2.02). However, the terms "land use" and "development" as employed in 1990 Local Law No. 1 are not ambiguous terms requiring resolution of the ambiguity in favor of the property owner (see, Matter of Hess Realty Corp. v Planning Commn., 198 AD2d 588, 589; see also, Matter of Barkus v Kern, 160 AD2d 694, 695-696). We reject defendants' assertion that building the cell on the land is not "facilitating the development thereof" in that the present operation of the cell prevents further development of the property. The argument does not consider the initial development of the cell and mistakenly concentrates only on whether further development of the land is encouraged by the cell's presence on the property, which has no bearing on whether the erection of the cell in and of itself constituted development.

We note that an argument made by defendants before Supreme Court, that the development of land necessarily

permit. No sanctions have been imposed to date as this Court has entered a stay pendente lite.

implies an increase in the land's value and that the cell is not a structure pursuant to 1990 Local Law No. 1 since it decreased the value of the property, was not raised in their brief and is therefore deemed abandoned (see, State of New York v Town of Oppenheim, 184 AD2d 900, 901). We further note that as the definition of a structure in 1994 Local Law No. 1 expressly includes "storage bins" constructed at a fixed location in the ground, defendants would be required to obtain a Town building permit even under 1994 Local Law No. 1 concerning their construction and operation of the cell.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.