OPINION OF THE COURT
Carl J. Mugglin, J.
In this CPLR article 78 proceeding, the petitioner seeks judicial review in the nature of mandamus of a determination made by the Delaware County Department of Social Services, Child Protective Services (hereinafter CPS). Additionally, the petitioner seeks authorization to proceed as a poor person.
The petitioner, on December 16, 1994, caused to report to the New York State Child Abuse and Maltreatment Register that her daughter was sexually abused by her estranged husband during a period of visitation. The alleged sexual abuse occurred in the State of Maine. Presently pending in the State of Maine is a proceeding instituted by the father for a determination of parental rights and responsibilities relative to the child alleged to be abused.[1] By order dated February 6, 1995, pending a final hearing, the primary residence of the child was established as being with the mother, petitioner herein, subject to a specific schedule of visitation on the part of the father. Additionally, the order authorizes either party to seek modification prior to the final hearing upon a proper change in circumstances. Under this order, the first scheduled visitation was to commence on February 16, 1995.
According to the petition, following the first scheduled period of visitation, the petitioner made a second report to the New York State Child Abuse and Maltreatment Register. The second report claimed that the father sexually abused the child *184 in the State of Maine during the period of visitation. On April 25, 1995, CPS advised petitioner that there was no credible evidence to support the second report of child abuse. The petition fails to specifically set forth the determination with respect to the initial report of child abuse.
The respondent has filed a motion to dismiss the petition pursuant to CPLR 7804 (f). This motion is based upon (a) the lack of standing of petitioner to seek judicial review of the determination, (b) the lack of any record of the investigation since the record was destroyed upon a finding of "unfounded”, (c) necessary parties to the proceeding have not been joined, (d) the courts of the State of Maine have jurisdiction of the issues herein and (e) the petitioner is not entitled to the relief sought herein.
BACKGROUND
Article 6, title 6 of the Social Services Law governs the recording and investigation of reports of suspected cases of child abuse and maltreatment and the administrative review process of those reports. (See generally, Social Services Law §§411-428.) To facilitate reports of child abuse the State Department of Social Services maintains a telephone toll-free hotline which is staffed full time. Upon receiving a complaint, the hotline operator must first determine whether the facts as reported, if true, would legally constitute child abuse. If so, the operator completes a complaint form and relays it to the appropriate local Department of Social Services. The responsibility of investigating the complaint lies with the local authority and is normally accomplished through a Child Protective Services Unit. Based upon the results of the investigation, the local CPS is required to determine whether the complaint is "unfounded” or "indicated”. If the complaint is supported by "some credible evidence”, the report is determined to be "indicated” and the finding is referred to the State Central Register which lists the individual who is the alleged child abuser. Thereafter, the subject of the report is notified of the finding and advised that any request for expungement of the record must be made within 90 days. If such a request is made, the Department of Social Services conducts a review of the determination made by the investigating agency. A refusal to expunge the record is reviewable in a proceeding under article 78 as being arbitrary and capricious.
On the other hand, if the report is determined to be "unfounded”, the State Central Register informs the person *185 who is the subject of the report of the result and expunges the record. The State Central Register also notifies the local CPS to immediately expunge the report from its records. Moreover, the State Central Register is authorized to review any "unfounded” determinations and affirm or disaffirm the finding. If the State Central Register finds that a local determination of "unfounded” should be "indicated”, it shall so notify the local CPS. (See, 18 NYCRR 432.9.)
STANDING OF PETITIONER
The respondent contends that the petitioner, as a person reporting an allegation of child abuse, is not a person that the statutes seek to protect and, thus, has no standing to pursue any judicial review of the CPS determination. Petitioner argues that as the mother of a child suspected of being the subject of child abuse and a person directly concerned with the welfare of the child, she has an inherent interest in the determination of the report and may be an aggrieved person due to the result of the determination.
In order to seek judicial review of an administrative determination, the individual must demonstrate some direct, harmful effect and a personal interest worthy of judicial protection. As stated by the Court of Appeals in Matter of Dairylea Coop. v Walkley (38 NY2d 6, 9 [1975]): "A petitioner need only show that the administrative action will in fact have a harmful effect on the petitioner and that the interest asserted is arguably within the zone of interest to be protected by the statute.” The main thrust of the petition herein is in the nature of mandamus seeking to compel the CPS to employ certain techniques to ascertain and "indicate” child abuse. Of course, this relief is based upon the broad assertion that CPS failed to fully comply with the statutorily imposed duty to thoroughly investigate reports of child abuse and to take any necessary action to protect the child subjected to such abuse. To a certain degree, the petition also seeks relief in the nature of certiorari, petitioner believing that the "unfounded” determination is arbitrary and capricious and not supported by substantial evidence.
The statute in question does not contain any specific authorization for judicial review of any "unfounded” determination by any person. However, the absence of any statutory right to review does not preclude judicial review unless a clear legislative intent to preclude review is present. (Matter of Dairylea Coop. v Walkley, supra.)
*186 To the extent that the petitioner seeks review of the actual determination made by CPS following the investigation, the statutory framework clearly evinces a legislative intent to preclude judicial review. The purpose of article 6 of the Social Services Law is to protect the children of this State from abuse and maltreatment by facilitating the reporting and investigation of suspected incidents. (See, Social Services Law § 411.) While there is no doubt that the petitioner, as a natural parent and reporter of the suspected child abuse, has an interest in the results of the investigation, she does not fall within the zone of protection afforded by the statutes. In other words, a person such as petitioner does not suffer any harmful effect directly related to the conclusion reached by CPS following investigation of the report. The design of the review provisions of the statutes suggest that the only person considered to be directly subject to harm as the result of an investigation is the "subject of the report”. This person is specifically afforded remedies, including judicial review, in the event that a report is determined to be "indicated” or in some circumstances if "unfounded”. In Rossignol v Silvernail (185 AD2d 497, 499 [3d Dept 1992]), the Third Department referred to being labeled a child abuser as "one of the most loathsome labels in society”, and pointed out that the "physical and psychological ramifications” that may be "attendant to * * * addressing, defending and dealing with” such charges are difficult to escape. Clearly, characterizing an individual as a child abuser attacks that individual’s good name, reputation, honor and integrity. Without intending to detract from the public policy of protecting children from abuse, the reporting and investigative process potentially directly injures only that person who is the subject of the report.
The presence of a clear legislative intent not to afford judicial review of "unfounded” determinations is further bolstered by the requirement that the record of the report and investigation be expunged.[2] Since the presence of a full and complete record is instrumental to judicial review, the lack of such a record itself precludes any meaningful review in an article 78 proceeding. (See, CPLR 7804 [e].) In fact, the absence of a record is grounds for reversal of any judgment rendered. (Matter of Kurtz v Krone, 22 AD2d 988 [3d Dept 1964].)
*187 Nor does lack of judicial review leave petitioner without a legal remedy to pursue. Article 10 of the Family Court Act authorizes any person to seek to file a petition regarding child abuse at the court’s direction. (Family Ct Act § 1032 [b]; § 1033.) Moreover, the Family Court Judge has the power to order an investigation in order to determine whether a proceeding should be initiated presumably after reviewing any evidence presented to it in support of the request. (Family Ct Act § 1034.) In the case at bar or for that matter in any case, evidence of child abuse developed in the course of the investigation may form the basis for filing a petition in the court of appropriate jurisdiction seeking a modification of any prior order of custody or visitation.[3]
As to that portion of the petition which seeks a judgment directing the CPS to perform its statutory duty, it is evident that the duty has been performed. Petitioner is disturbed by the results of the performance of that duty, however, the courts lack authority to substitute their opinion for that of the agency. Finally, the courts have no business dictating the manner in which any administrative agency performs a statutorily imposed duty. It is the function of the State Central Register to review all "unfounded” determinations made by the local CPS. (See, 18 NYCRR 432.9 [d].) Additionally, the competence of the local CPS to perform hot-line investigations is an issue within the sole purview of the State Commissioner of Social Services.
The concept of standing must have a certain degree of elasticity if our system of government will work as formulated. But, the desire to achieve the required checks and balances by expanding the concept of standing must not yield the elimination of the accepted foundational basis for intervention of the judicial system. Without the necessary direct injury or legal interest worthy of protection, the matter should not be entertained by the courts.
Accordingly, the petition is in all respects dismissed upon motion of respondent.

. The affirmation of Michael Sheehan dated June 6, 1995 at paragraph No. 17 claims that the Maine custody proceeding has been pending for over two years.

. Upon the receipt of written notice from the State Central Register that they have expunged the records of an "unfounded” report, the local district "shall immediately expunge the report and all identifying information relating to the report”. (18 NYCRR 432.9 [c] [1] [emphasis added].)

. The State of Maine order specifically authorized a modification proceeding prior to final hearing on a change in circumstances.