■ JEAN I. CAMPINELL, Appellant-Respondent, v JAMES P. CAMPINELL, Respondent-Appellant. [632 NYS2d 863] —Cross appeals from a judgment of the Supreme Court (Dier, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered February 16, 1994 in Warren County, upon a decision of the court.

The parties were married in 1963. Their two children are emancipated. In February 1991, defendant left plaintiff to take up residence with his paramour, and plaintiff responded by commencing this divorce action. Plaintiff subsequently obtained a temporary order granting her, *inter alia*, temporary maintenance of $50 per week. The matter came on for trial in December 1993, with the parties submitting evidence on the contested issues of maintenance, distribution of the net proceeds of sale of the marital residence and counsel fees. Following trial, Supreme Court awarded plaintiff prospective maintenance of $100 per week and counsel fees of $5,000, and distributed 100% of the proceeds of the sale of the marital residence to plaintiff. The parties cross-appeal.

Initially, we agree with plaintiff that Supreme Court abused its discretion in awarding permanent maintenance of only $100 per week. The record establishes that plaintiff was unemployed during the parties' entire 28-year marriage and at the time of trial suffered from a mental disorder that prevented her from "function[ing] in a competitive work setting". Recognizing that fact, Supreme Court made an express determination that "plaintiff is unemployed and unemployable". Nonetheless, and despite defendant's $38,000 annual salary, his living expenses of only $220 per week (after deduction of his paramour's acknowledged financial contributions) and the favorable tax consequences of an award of maintenance,

Supreme Court provided plaintiff with a meager allowance, even taking into account that she was at the time of trial receiving room and board in exchange for her full-time care of her ailing 86-year-old father. In our view, application of the relevant statutory factors (*see*, Domestic Relations Law § 236 [B] [6] [a]) to the evidence adduced at trial will not permit a maintenance award of less than $175 per week, and we shall modify Supreme Court's judgment accordingly (*see*, *Grenier v Grenier*, 210 AD2d 557). We further note that we premise our award upon the assumption that plaintiff continues to receive room and board from her father. The loss of that benefit would clearly warrant an upward modification of the award in light of the circumstances existing at the time of application (*see*, Domestic Relations Law § 236 [B] [6] [a]; [9] [b]).

We also agree with plaintiff that Supreme Court erred in giving its award of permanent maintenance prospective application only. Pursuant to Domestic Relations Law § 236 (B) (6) (a), an order for maintenance "shall be effective as of the date of the application therefor, and any retroactive amount of maintenance due shall be paid * * * taking into account any amount of temporary maintenance which has been paid". In this case, the date of application shall be deemed to be the date of service of the complaint, the first paper to make a request for maintenance (*see*, *Beach v Beach*, 158 AD2d 848; Scheinkman, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:39, 1995 Pocket Part, at 128-129).

Finally, in view of the sums received by plaintiff as a result of Supreme Court's distribution to her of the entire proceeds of sale of the marital residence, we cannot say that Supreme Court abused its discretion in awarding her counsel fees of only $5,000 (*see*, *Richards v Richards*, 189 AD2d 1025). We note that defendant's brief does not address the merits of defendant's cross appeal from so much of Supreme Court's judgment as awarded plaintiff the entire net proceeds of sale of the marital residence. The issue is, therefore, deemed abandoned (*see*, *State of New York v Town of Oppenheim*, 184 AD2d 900) and is found to lack merit in any event. The parties' remaining contentions have been considered and rejected as meritless.

Cardona, P. J., Mikoll, Mercure, White and Casey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, with costs to plaintiff, by fixing the award of permanent maintenance at $175 per week; matter remitted to the Supreme Court for a determination of the amount and sched-

ule for payment of retroactive maintenance in accordance with this Court's decision; and, as so modified, affirmed.