■ In the Matter of TWIN TOWN LITTLE LEAGUE, INC., Appellant, v TOWN OF POESTENKILL et al., Respondents. [671 NYS2d 831] —White, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered September 23, 1997 in Rensselaer County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Planning Board of the Town of Poestenkill conditionally granting petitioner's request for preliminary site plan approval.

For many years in the Town of Poestenkill, Rensselaer County, petitioner has operated a little league baseball complex on a 13-acre parcel of land owned by Averill Park Central School District (hereinafter the District). In late 1995, petitioner decided to install an outdoor artificial lighting system that was to be mounted on four 60-foot poles. The District consented to the installation provided petitioner obtained whatever approvals it needed from respondent Town of Poestenkill. Petitioner approached the Town's Building Inspector and its Supervisor who both advised the District that no approvals or permits were required. Petitioner then installed the lighting system and proceeded to utilize it for the entire 1996 season.

In the fall of 1996, the Building Inspector informed petitioner that a mistake had been made and it would have to secure an area variance since, under the Town's zoning ordinance, poles

---

could not exceed 35 feet in height. Subsequently, the Town's Zoning Board of Appeals granted the variance contingent, *inter alia*, upon a favorable site plan review by respondent Town Planning Board (hereinafter the Board). After five public hearings, the Board approved petitioner's site plan application with nine conditions. Petitioner's dissatisfaction with three of the conditions* led to this combined CPLR article 78 proceeding/declaratory judgment action and, following Supreme Court's denial of the petition and dismissal of the proceeding, this appeal.

Although petitioner recognizes that the doctrine of equitable estoppel is generally not invoked against a municipal agency (*see, Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, 282; *Matter of Berchielli v Zoning Bd. of Appeals*, 202 AD2d 733, 735, *lv denied* 83 NY2d 757), it maintains that this is one of those unusual cases where it should be given petitioner's reliance on the erroneous advice provided by the Town's officials. We disagree since, had petitioner exercised reasonable diligence and reviewed the Town's zoning ordinance, it could have readily discovered the necessity for an area variance (*see, McGannon v Board of Trustees*, 239 AD2d 392).

After the close of the public comment period at the Board's last public hearing, petitioner's attorney attempted to address the Board. He was not permitted to do so and petitioner now claims that it was denied procedural due process. The requirements of procedural due process apply only to the deprivation of interests encompassed by the 14th Amendment's protection of liberty and property (*see, Board of Regents v Roth*, 408 US 564, 569). Whether a party's interest in a land-use regulation is protected by the 14th Amendment depends upon whether he or she has a legitimate claim of entitlement to the relief being sought (*see, Cedarwood Land Planning v Town of Schodack*, 954 F Supp 513, 524). Entitlement to relief in a zoning matter arises only when the discretion of the zoning agency is so narrowly circumscribed as to virtually assure its conferral (*see, Gagliardi v Village of Pawling*, 18 F3d 188, 192). That is not

---

* The three disputed conditions are as follows:

"1. Nighttime baseball games can begin on May 10 of any given year and are to conclude on July 7 of any given year, not to exceed a total of 20 games.

"2. All operations will cease at 9:30 P.M. or as soon as practicable after the conclusion of the game whichever comes first. The three banks of lights are to be turned off immediately. The fourth bank located between home base and third base is to be turned off 30 minutes after the game ends or 10 P.M., whichever comes first. * * *

"9. The property boundary along the southern border * * * shall be posted with appropriate signage."

the case here since the Board had a large measure of discretion with respect to the decision as to whether to approve petitioner's site-plan application (*see*, Town Law § 274-a; *see also*, *Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 370). Thus, petitioner's due process claim must fail (*see*, *Orange Lake Assocs. v Kirkpatrick*, 825 F Supp 1169, 1178, *affd* 21 F3d 1214). In any event, its claim fails on the merits as it was afforded numerous opportunities to present its case to the Board (*see*, *Matter of Lee TT. v Dowling*, 87 NY2d 699, 713; *Matter of Smith v Board of Educ.*, 221 AD2d 755, 757, *lv denied* 87 NY2d 810).

Turning to petitioner's challenge to the conditions imposed by the Board, we must turn it aside if the Board's action has a rational basis supported by substantial evidence (*see*, *Matter of Sasso v Osgood*, 86 NY2d 374, 384, n 2; *Matter of M & M Partnership v Sweenor*, 210 AD2d 575, 576). There is no question that the Board had the authority to attach conditions to its approval of petitioner's site plan provided they were reasonable, directly related to and incidental to the proposed use of the property and were aimed at minimizing the adverse impact that might result from the grant of the variance (*see*, *Matter of St. Onge v Donovan*, 71 NY2d 507, 515-516; *City of New York v Delafield 246 Corp.*, 236 AD2d 11, 23). Here, there is record evidence that the neighboring property owners raised concerns regarding the depreciation of the value of their property due to the noise and traffic associated with the ballgames and the intrusiveness of the lighting. In our view, the challenged conditions represent a reasonable attempt to alleviate these concerns and, as they relate directly to the use of the land, we find them to be proper (*see*, *Matter of Shorelands v Matthew*, 230 AD2d 862; *Matter of C.B.H. Props. v Rose*, 205 AD2d 686, *lv denied* 84 NY2d 808). Accordingly, we shall turn aside petitioner's challenge.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.