[676 NYS2d 704]

In the Matter of MARY L. et al., Appellants, v STATE OF NEW YORK DEPARTMENT OF SOCIAL SERVICES et al., Respondents.

Third Department, July 16, 1998

APPEARANCES OF COUNSEL

*Nancy E. Hoffman,* Albany (*Pamela Baisley* of counsel), for appellants.

*Dennis C. Vacco, Attorney-General,* Albany (*Gina M. Ciccone* of counsel), for respondents.

OPINION OF THE COURT

CARPINELLO, J.

This proceeding concerns a challenge to the 1996 statutory

amendments to Social Services Law § 422, known as Elisa's Law Child Protective Services Reform Act of 1996, whereby unfounded reports of suspected child abuse or maltreatment, previously expunged and destroyed (*see*, Social Services Law § 422 [former (5)]), are now retained and legally sealed by the State Central Register of Child Abuse and Maltreatment (hereinafter Central Register) (*see*, Social Services Law § 422 [5]; L 1996, ch 12, §§ 8-12). The principal purpose of these changes was to help child protective workers detect and investigate a "pattern of abuse" revealed by unfounded reports previously expunged, since an unfounded report merely means that "some credible evidence of the alleged abuse or maltreatment" has not been found to exist (18 NYCRR 432.1 [f]) and does not always indicate that a child has not been abused (*see*, Governor's Approval Mem, 1996 NY Legis Ann, at 14). The amendments allow an unfounded report to be unsealed in two circumstances: "[1] when investigating a subsequent report of suspected abuse or maltreatment involving a child named in the unfounded report; and [2] to the subject of the report, provided that the subject requests the report within ninety days of being notified that the report was unfounded" (Social Services Law § 422 [5]). Unfounded reports are not subject to disclosure to the subject's employers nor are they admissible in judicial or administrative proceedings (*see*, Social Services Law § 422 [5]), and they are expunged from the Central Register 10 years after the youngest child referred to in the report reaches 18 years of age (*see*, Social Services Law § 422 [6]).

Petitioner Mary L. (hereinafter petitioner) was employed as an aide for the Division for Youth (hereinafter DFY) when she was informed by respondent Department of Social Services (hereinafter DSS) that she was "the subject of a report of suspected child abuse or maltreatment" received by the Central Register after the effective date of Elisa's Law. Petitioner was subsequently advised that the report was unfounded and was now legally sealed in accordance with the amended statute. Thereafter, petitioner and petitioner Civil Service Employees' Association Inc., Local 1000 AFSCME, AFL-CIO commenced this proceeding seeking the expungement of the unfounded report from the Central Register and also to permanently enjoin DSS from retaining unfounded reports in that this procedure violates petitioner's State and Federal constitutional rights of due process and equal protection. Supreme Court dismissed petitioners' amended petition and this appeal followed.

■ We affirm. Initially, we reject the argument that the challenged provisions of Elisa's Law violate petitioner's due process rights. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the 14th Amendment's protection of liberty and property" (*Matter of Twin Town Little League v Town of Poestenkill*, 249 AD2d 811, 812 [citation omitted]; *see, Valmonte v Bane*, 18 F3d 992, 998). In examining this issue, a court looks first to whether such a liberty or property interest exists and only then looks to whether the procedures involved in the deprivation pass constitutional muster (*see, Valmonte v Bane, supra*, at 998). Significantly, a person's liberty interest is infringed only in cases where that person's good name and standing is stigmatized by State action *combined* with "some other tangible element" (*id.*, at 999). This is known as the "stigma plus" test (*see, Matter of Lee TT. v Dowling*, 87 NY2d 699, 708). Stigma requires " 'public opprobrium' and damage to [a person's] reputation", which is satisfied when an *indicated* report is placed on the Central Register because prospective employers have access to that list (*Valmonte v Bane, supra*, at 999; *see*, Social Services Law § 424-a). Stigma is also found by branding people as child abusers (*see, Matter of Lee TT. v Dowling, supra*, at 708).

Here, however, there is not the same level of stigma (if any) attached to the maintenance of sealed *unfounded* reports. Furthermore, the concern about future potential employers is not implicated because such employers only have access to indicated reports. In any event, even if we agreed that there is a stigma attached by merely maintaining such reports as unfounded and sealed in the Central Register (*but see, id.*, at 708), petitioners herein did not demonstrate that the "plus" requirement of the test has been met in that there has been no specific deprivation of an employment opportunity (*Valmonte v Bane, supra*, at 1001; *see*, Social Services Law § 424-a).*

■ Similarly, we find no violation of petitioner's substantive due process rights since no "fundamental right" is implicated and Elisa's Law "is reasonable in relation to its subject and adopted in the interests of the community" (*Treyball v Clark*,

---

* In fact, even if reference to an unfounded report was later included in an indicated report, no due process violation would arise given that such indicated report could only be revealed to employers after a fair preponderance of the evidence standard was met and the previous unfounded report could not be the sole basis for indicating a subsequent report (*see*, Social Services Law § 422 [5]).

65 NY2d 589, 590; *see, Hope v Perales*, 83 NY2d 563, 577). Specifically, maintaining the sealed, unfounded reports for purposes of DSS' subsequent investigations is rationally related to the community interest of improving the safety of children in both family and institutional settings (*see, Hodge v Jones*, 31 F3d 157, 166-167, *cert denied* 513 US 1018). In any event, petitioners have failed to establish that Elisa's Law "effectuates an arbitrary deprivation of liberty" (*Treyball v Clark, supra,* at 590).

 Finally, we reject petitioners' claim that Elisa's Law violates petitioner's equal protection rights because it only applies to reports registered after a certain date (*see*, L 1996, ch 12, § 22) and therefore she is being treated differently from employees who were the subjects of unfounded reports prior to the effective date of the amendments. Given the Legislature's inherent ability to amend its enactments, we must reject this argument. To the extent that petitioners argue that the only fair way to apply these amendments would be to do so retroactively, we note that this argument not only raises notice issues as to those individuals, but would also be impossible to administer in that all prior unfounded reports were destroyed.

We have examined petitioners' remaining arguments and find them to be without merit. Speculation as to the consequences in the event that Elisa's Law is illegally administered cannot satisfy petitioners' burden of establishing the unconstitutionality of the statute (*see generally, Hope v Perales, supra,* at 576).

MIKOLL, J. P., MERCURE, PETERS and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.