In the Matter of DANIEL S., Respondent, v MICHAEL J. DOWLING, as Commissioner of New York State Department of Social Services, Appellant. [684 NYS2d 99] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in directing respondent to provide petitioner with a hearing to review the determination of the Genesee County Department of Social Services that a report of possible child abuse or maltreatment of petitioner by his father was unfounded (see, Social Services Law § 424 [7]; 18 NYCRR 432.2 [b] [3] [iv]). Under Social Services Law § 422 (8) (a) (i), only the subject of an indicated report has the right to seek review at a fair hearing (see, 18 NYCRR 434.5). Petitioner, the child reported to the State Central Register of Child Abuse and Maltreatment, lacks standing to challenge the determination that the report was unfounded (see, Matter of Diane P., 110 AD2d 354, 355, appeal dismissed 67 NY2d 918; Delehanty v Delaware County Dept. of Social Servs., 166 Misc 2d 182, 185-186; see also, Getman v Dowling, 162 Misc 2d 345, 347).

Contrary to petitioner's contention, the Legislature's failure to provide a fair hearing to the child named in an unfounded report does not constitute a denial of procedural due process. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the 14th Amendment's protection of liberty and property" (Matter of Twin Town Little League v Town of Poestenkill, 249 AD2d 811, 812, lv denied 92 NY2d 805; see, Matter of Mary L. v State of N. Y. Dept. of Social Servs., 244 AD2d 133, 136). Petitioner was deprived of no constitutionally protected interest as the result of the determination that the report of possible child abuse or maltreatment by his father was unfounded. (Appeal from Judgment of Supreme Court, Genesee County, Graney, J.—CPLR art 78.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.