■ WASTE RECOVERY ENTERPRISES, LLC, Appellant-Respondent, v TOWN OF UNADILLA et al., Respondents-Appellants. [742 NYS2d 715] —Crew III, J.P. Cross appeals from an order of the Supreme Court (Dowd, J.), entered September 13, 2001 in Otsego County, which, inter alia, partially granted plaintiff's cross motion for summary judgment and declared Local Laws No. 1 (1989) of the Town of Unadilla and Local Law No. 4 (1992) of the Town of Unadilla unconstitutional.

In June 1998, plaintiff applied to the Department of Environmental Conservation (hereinafter DEC) for permits to build and operate a solid waste transfer station and a construction and demolition debris landfill in respondent Town of Unadilla in Otsego County. Following notice in April 1999 to the Town of plaintiff's application and the issuance of construction permits for the two projects in June 1999, plaintiff constructed the transfer station and landfill. Thereafter, in May 2000, the Town notified DEC of two laws affecting plaintiff's proposed operations, to wit: Local Laws No. 1 (1989) of the Town of Unadilla (hereinafter the 1989 law) prohibiting the importation of solid, radioactive and hazardous waste into the Town, and Local Laws No. 4 (1992) of the Town of Unadilla (hereinafter the 1992 law) prohibiting the importation of medical waste into the Town. As a consequence, plaintiff commenced this declaratory judgment action against the Town and respondent Town Supervisor challenging the constitutionality of these local laws. Defendants answered and asserted a counterclaim seeking to enjoin plaintiff from operating the transfer station and landfill predicated upon the foregoing local laws, as well as Local Laws No. 1 (1988) of the Town of Unadilla (hereinafter the 1988

law), which prohibits the operation and maintenance of a dump in the Town. Plaintiff replied seeking a judgment declaring the 1988 law unconstitutional.

Defendants thereafter moved for summary judgment dismissing plaintiff's complaint, seeking a declaration that each of the local laws was constitutional and for injunctive relief, and plaintiff cross-moved for summary judgment declaring each of the local laws unconstitutional. Additionally, plaintiff sought, inter alia, a declaration that the 1988 law did not apply to the operation of a transfer station. Supreme Court found each of the local laws, as written, unconstitutional, but severed a portion of the 1988 law and found it, as modified, to be constitutional. As a consequence, the court enjoined plaintiff from operating its landfill. Supreme Court further found, however, that the 1988 law did not apply to transfer stations and denied defendants' request for injunctive relief to that extent. Plaintiff and defendants now appeal.

The 1988 law, as enacted, prohibited the operation or maintenance of a dump for the disposal of garbage and rubbish in the Town. However, section 4 of the 1988 law excepted from its prohibition the disposal of noncommercial or nonindustrial rubbish, waste material and garbage by Town residents on their own property, and section 6 of the 1988 law contained a severability clause. Supreme Court found, and in our view correctly so, that the 1988 law, the 1989 law and the 1992 law each discriminated against interstate commerce and, thus, violated the Commerce Clause of the US Constitution (US Const, art I, § 8 [3]). As to the 1988 law, Supreme Court severed section 4 thereof, holding that the remaining provisions were not constitutionally infirm.

Initially, plaintiff contends that Supreme Court erred in severing section 4 of the 1988 law. We disagree. It is axiomatic that a court should refrain from declaring a statute unconstitutional when only a portion thereof is objectionable, and this is particularly true when the law contains a severability clause (*see, Town of Islip v Caviglia*, 141 AD2d 148, 167, *affd* 73 NY2d 544; *see also, Matter of New York State Superfund Coalition v New York State Dept. of Envtl. Conservation*, 75 NY2d 88, 94). In the final analysis, however, when determining whether to sever a statute, the ultimate test is whether the enacting body, if partial invalidity had been foreseen, would have desired enforcement of the statute absent the invalid part (*see, People ex rel. Alpha Portland Cement Co. v Knapp*, 230 NY 48, 60, *cert denied* 256 US 702).

Here, a reading of the 1988 law makes plain that the Town

Board, had it foreseen that section 4 thereof would be declared unconstitutional, would have intended the enforcement of the nonoffending portion. In its declaration of purpose in enacting the 1988 law, the Town Board provided that it had determined that the operation of dumps were likely to constitute a hazard to the health and safety of Town residents and, therefore, it was the intent of the 1988 law to prohibit the operation of dumps in the Town to protect against such hazard. The underlying purpose of the 1988 law will be served despite the severance of section 4 and, indeed, would be frustrated if the entire local law was declared unconstitutional. Notably, the Town has not contested the severance of section 4 on this appeal lending credence to the conclusion that the Town Board would favor enforcement of the 1988 law absent the offending language (*see*, *Peake Excavating v Town Bd. of Town of Hancock*, 93 F3d 68, 73).

Next, plaintiff contends that the Town should be estopped from enforcing the 1988 law. Again, we disagree. The basis of plaintiff's argument is that its managing partner, Denton Reed, had conversations with the Town Supervisor and two members of the Town Board regarding the construction, each of whom stated, variously, that it was "none of our business" and that the Town had no interest in the project. From these statements plaintiff concluded that there were no laws or ordinances regarding such construction.* The import of such statements, however, is significantly diminished by the fact that Town officials apparently believed that DEC was charged with the authority to make any determinations regarding the proposed construction. Indeed, in a letter to DEC, the Town Clerk stated: "The Town Officials have been under the impression that the [DEC] has been guiding the proposed [*sic*] and/or operation on this site at the intersection of State Highway 7 and 8, and with that in mind, there wasn't a concern that [plaintiff] would not be supported in the Township."

It is axiomatic that "estoppel may not be invoked against a governmental agency to prevent it from discharging its statutory duties" (*Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 369) and, further, that application of the doctrine should be made "only when failure to do so would operate to defeat a right legally and rightfully obtained" (*Matter of Hauben v Goldin*, 74 AD2d 804, 805). Notably, estoppel cannot "operate to relieve one from the mandatory operation of a statute" (*id.* at

---

* Of significance is the fact that plaintiff never has asserted that, in response to a direct inquiry, it was advised by Town officials that there were no restrictions on dumping or the importation of waste into the Town.

805) and may not be invoked where reasonable diligence by a good-faith inquirer would have disclosed the existence of the statute (*see, Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 279, *appeal dismissed and cert denied* 488 US 801).

As noted previously, there is no assertion that plaintiff's representatives made specific inquiry regarding any statutes affecting the construction and/or operation of a landfill in the Town or that they made any efforts to ascertain the existence of any laws or regulations with regard thereto. Indeed, the Town asserts that the laws in question were duly filed with the Secretary of State and were, therefore, a matter of public record. In further support of its estoppel argument, plaintiff references a Town Board meeting on August 10, 1999 wherein the Town Clerk reported that she had received an inquiry regarding the possibility of constructing another waste recovery site in the Town. The Town Clerk was advised by a member of the Town Board that the Town had no restrictions, ordinances or regulations regarding the building of such a facility. Two observations must be made regarding that representation, however. First, none of plaintiff's representatives was present at the meeting, and the foregoing statement clearly was not made in response to an inquiry by plaintiff. Second, by the time such statement was made, construction already was underway and, therefore, it cannot be concluded that plaintiff relied upon said assertion in constructing its facilities. We have considered the parties' remaining assertions, including defendants' assertion that Supreme Court erred in concluding that the transfer station does not qualify as a dump under the 1988 law, and find them unavailing.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.