■ In the Matter of CLEAR CHANNEL OUTDOOR, INC., et al., Appellants, v TOWN BOARD OF THE TOWN OF WINDHAM et al., Respondents. [780 NYS2d 822]—

Spain, J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered November 14, 2003 in Greene County, which, inter alia, dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, to review a determination of respondents ordering removal of certain billboards and declared that petitioner Clear Channel Outdoor, Inc. was guilty of violating respondent Town of Windham's site plan review law and sign ordinance.

Petitioner Clear Channel Outdoor, Inc. leases land from petitioner William Herbert in the Town of Windham, Greene County on which there are three billboard signs, referred to as billboards 681, 682 and 736. Respondent Town of Windham has a sign ordinance requiring a permit to erect a sign and regulating the size and lighting of signs in the Town. The ordinance also prohibits the construction of new signs or the alteration or relocation of existing signs except as permitted by the ordinance or where needed to bring the signs into compliance with the ordinance. The Town's site plan review law also requires a permit for certain improvements to land.

In 2002, billboards 681, 682 and 736 were rebuilt, during which at least one of the signs was moved and all were raised higher. Billboard 736 was also doubled in size, and brighter lights were installed on all of the signs. Clear Channel did not

apply to the Town for any type of permit for this work. The changes prompted a neighbor, who could see the signs through his living room window, to complain to the Town. Thereafter, the Town's Code Enforcement Officer, respondent Dominick Caropresso, filed six separate criminal informations against each petitioner in Town Justice Court alleging that petitioners violated the sign ordinance and site plan review law, and he served petitioners with criminal summonses in December 2002. In January 2003, Caropresso denied Clear Channel's applications for permits under the sign ordinance for the previously rebuilt billboards and ordered that they be removed.[1]

In April 2003, petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action against the Town, its Town Board and Caropresso, challenging the validity of the sign ordinance and site plan review law, as well as the applicability of those laws to the rebuilding of the billboards. Petitioners also sought a permanent injunction prohibiting respondents from interfering with their use of the billboards and from pursuing the criminal summonses. The parties agreed to consolidate this action/proceeding with the criminal matter then pending against petitioners in Justice Court; the criminal charges against Herbert, but not Clear Channel, were eventually dismissed. Supreme Court dismissed the petition/complaint, finding that petitioners' challenges to the validity of the sign ordinance and site plan review law were time-barred and that Clear Channel was guilty of violating those enactments. As such, Supreme Court ordered the removal of the signs and fined Clear Channel $500. Petitioners appealed, and this Court stayed that portion of Supreme Court's judgment which ordered the signs' removal.

We affirm. Initially, we agree with Supreme Court that petitioners' challenges to the Town's site plan review law and sign ordinance are barred by the applicable statute of limitations. Petitioners argue that the Town failed to conduct a review pursuant to the State Environmental Quality Review Act (*see* ECL 8-0101 *et seq.*) prior to enactment of both laws and the Town failed to properly publish the sign ordinance as required by Town Law § 133. As both arguments attack procedures followed in enacting those laws as opposed to their substance, a CPLR article 78 proceeding is the appropriate vehicle with which to review them, and the four-month statute of limitations in CPLR 217 applies (*see Matter of Save the Pine Bush v City of*

---

1. Later in January 2003, the Department of Environmental Conservation notified Clear Channel that the signs, which are within the Catskill Park, had been illegally erected and had to be removed pursuant to ECL 9-0305 (1).

*Albany*, 70 NY2d 193, 202-203 [1987]; *Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna*, 283 AD2d 857, 857-858 [2001]). That four-month period begins to run upon "the effective date[s] of the presumptively valid enactment[s]" (*Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna, supra* at 858). Given that this proceeding was not commenced until April 2003, almost a year after the latest site plan review law became effective and 15 years after the most recent sign ordinance went into effect, petitioners' challenges to the procedures employed in the enactment of the Town's site plan review law and sign ordinance are time-barred.[2]

We also find lacking in merit petitioners' contention that respondents should be estopped from enforcing the sign ordinance and site plan review law. It is well established "that 'estoppel may not be invoked against a governmental agency to prevent it from discharging its statutory duties' " (*Waste Recovery Enters. v Town of Unadilla*, 294 AD2d 766, 768 [2002], *appeals dismissed* 100 NY2d 614 [2003], *lvs denied* 1 NY3d 507 [2004], *cert denied* — US —, 124 S Ct 2839 [2004], quoting *Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 369 [1988]). Nor will estoppel be invoked where, as here, "reasonable diligence by a good-faith inquirer would have disclosed the existence of the statute" or where the Town's correction of an enforcement error will result in a harsh result to petitioners (*Waste Recovery Enters. v Town of Unadilla, supra* at 769; *see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *appeal dismissed, cert denied* 488 US 801 [1988]).

Here, petitioners' bare assertion that they relied on the oral statements allegedly made by the Town that no relevant laws existed does not constitute support for an estoppel (*see Matter of Twin Town Little League v Town of Poestenkill*, 249 AD2d 811, 812 [1998], *lv denied* 92 NY2d 806 [1998]; *Town of Parishville v Contore Co.*, 215 AD2d 932, 934 [1995], *lv dismissed* 87 NY2d 918 [1996]). Indeed, petitioners do not submit affidavits from anyone who personally made such an inquiry or who heard Town officials represent that no applicable laws existed. Also, petitioners made no Freedom of Information Law request (*see* Public Officers Law § 85 *et seq.*) for copies of any relevant Town ordinances prior to the reconstruction of the

2. Petitioners assert that the statute of limitations in regard to their challenge to the sign ordinance never began to run, alleging that the ordinance was improperly published and its effectiveness was contingent "upon publication the week of February 8, 1988." We reject that view. The ordinance was clearly intended to go into effect upon its publication in February 1988. That publication, although perhaps procedurally wanting, occurred, and the time in which to challenge those alleged procedural errors has long since passed.

billboards. As for permits issued by various state agencies and a stipulation of discontinuance entered into by the Department of Environmental Conservation and Clear Channel's predecessor in interest, it suffices to note that some of those approvals are expressly subject to local ordinances, and none of them exempts petitioners from their responsibility to comply with the ordinances. As such, we do not find that these circumstances present one of the rare instances where a municipality should be equitably estopped from enforcing its sign ordinance and site plan review law (*see Matter of Parkview Assoc. v City of New York, supra* at 282; *Matter of Twin Town Little League v Town of Poestenkill, supra* at 812).

We have examined petitioners' remaining arguments and found them to be either unpreserved for our review or without merit.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.